## Johnson v. Happell.

---

## [96] JOHNSON V. HAPPELL.

Where the matter in controversy is valued at or amounts to $100, exclusive of interest and costs, and no more, the District and Justices' Courts have concurrent jurisdiction.
The jurisdiction conferred on the District Courts by the tenth section of the fourth article of the Constitution is not exclusive. Inferior courts may be invested with jurisdiction concurrent with the District Courts over the subjects mentioned in that section.
The conferring upon an inferior court jurisdiction of a case of which a superior court has jurisdiction renders their jurisdiction *concurrent,* but not inconsistent.

Error from Guadalupe. The plaintiff in error brought suit against the defendant in error, in March, 1848, in a Justice's Court, on a promissory note for the payment of $100. The justice gave judgment for the defendant, and the plaintiff appealed to the District Court. The defendant there moved to dismiss, upon the ground that the justice had no jurisdiction of the case, the amount being within the jurisdiction of the District Court. The court sustained the motion and dismissed the case, and the plaintiff obtained a writ of error to this court.

*Neill*, for plaintiff in error. This case was dismissed from the District Court because the justice had no jurisdiction. The suit is brought on a note for $100 before a justice of the peace who entertained jurisdiction. We conceive there is no conflict between the 10th section of the Constitution, article 4, and the law regulating proceedings before justices. The Constitution is only directory, and does not give exclusive jurisdiction to District Courts for that sum, and the 17th section, same article, clearly sets that matter at rest. (Acts of 1848, p. 169, sec. 35.) The question has also been fully settled by this court at last term in case of Love and Chappell v. McIntyre. (Aulanier v. The Governor, 1 Tex. R., 653.)

## Johnson v. Happell.

*Gordon,* for defendant in error. The court having, at its last term, in the case of Love and Chappell *v.* McIntyre, decided the most material point involved in this case, it is with great deference to the court that the defendant in error asks leave to again bring the point before them, to ask that it be again considered.

The first section of article IV of the Constitution provides that the judicial power shall be vested in one Supreme Court, in District Courts, and in such *inferior courts* as the Legislature may from time to time ordain and establish. Sec. 10 defines the original jurisdiction of the District Courts, and grants them a general superintendence and contr l over inferior courts. Section 17 provides that justices of the peace shall have such civil and criminal jurisdiction as shall be provided for by law. Section 13 provides for trial by jury, in all causes arising out of contracts, before inferior tribunals, where the amount in controversy shall exceed $10. Every part of the article must be taken into view, and that construction must be adopted which will consist with its words and promote its general intention. (5 U. S. Cond. R., 111.) The court may imply a negative from affirmative words, where the implication promotes the intention. (Id.) It is therefore submitted that the Legislature cannot create any judicial tribunal which is not inferior and subordinate to the Supreme and District Courts. It is also out of the power of the Legislature to deprive the District Courts of any of their constitutional jurisdiction, either directly or indirectly. If any portion of the original jurisdiction of the District Courts can be conferred on Justices' Courts, it can all be so conferred. To have original jurisdiction is to have power to try a cause upon its merits. But the Constitution guarantees to every citizen that his rights shall be tried according to the due course of the law of the land. A trial according to the course of the law of the land in any particular of jurisdiction embraced in the 10th section of the 4th article is a trial upon the merits in the District Court. It is no answer to say that an appeal to the District [98] Court and a trial *de novo* are allowed. The appeal is given by the Legislature, and may be taken away. If the appeal should be taken away, and the plaintiff should elect to bring his suit for $100 before a justice, the defendant could not obtain a trial of his cause upon its merits according to the due course of the law of the land; that is, in the District Court. As it is, the appeal (that is, the trial according to the due course of the law of the land) is allowed upon onerous terms only, upon the condition of giving bond and under the penalty of incurring ten per cent. damages. The jurisdiction of the cause obtained in this way by the District Court is not conferred by the Constitution, but by the ordinary law.

It is further respectfully submitted that the District Courts cannot have original and appellate jurisdiction in the same cases. (Cohns *v.* Virginia, 5 U. S. Cond. R., 119; Marbury *v.* Madison, 1 Id., 282; 2 Hill R., 159.)

WHEELER. J. The only question presented for our consideration is upon the ruling of the court in dismissing the case for the supposed want of jurisdiction in the justice.

In support of the judgment it is insisted that as the subject-matter of the suit is within the original jurisdiction of the District Court, as given by the Constitution, it was not competent for the Legislature to confer jurisdiction of the same subject-matter upon the Justices' Courts, and that the act assuming to do so is unconstitutional and void.

The jurisdiction of the District Court is conferred by the 10th section of the 4th article of the Constitution, which, among other subjects of jurisdiction, declares that " the District Court shall have original jurisdiction of all suits where " the matter in controversy shall be valued at or amount to one hundred dol- " lars, exclusive of interest."

The 17th section of the same article of the Constitution declares that " jus- " tices of the peace shall have such civil and criminal jurisdiction as shall be " provided for by law." And the 25th section of the " act to organize Jus- " tices' Courts," [99] provides that " they shall have jurisdiction in all suits

Johnson v. Happell.

"and actions for the recovery of money, on any account, bond, bill, note, or "other instrument of writing; of all suits and actions for the recovery of spe- "cific articles or the value thereof; of all suits and actions for torts, trespasses, "and other injuries to person or property, where the amount claimed or the "value of the articles or the damages sought to be recovered shall not exceed "one hundred dollars, exclusive of interest and cost."

By these provisions the District and Justices' Courts are given a concurrent jurisdiction, where the amount in controversy is $100. And it is not perceived that there is any repugnancy or conflict between them. Had the jurisdiction conferred upon the District Court been an *exclusive* original jurisdiction of the subject-matter of this suit, it would not have been competent for the Legislature to confer jurisdiction of the same subject-matter upon any other tribunal. And the argument against the constitutionality of the act conferring this jurisdiction upon a justice of the peace must proceed upon the supposition that that conferred upon the District Courts by the Constitution is *exclusive;* for unless it be so *in effect* it cannot operate an inhibition upon the Legislature to confer the same jurisdiction concurrently upon another court. This proposition seems too evident to require illustration or to admit of controversy. The proposition, then, upon which the whole argument for the appellee rests is that the jurisdiction conferred by the Constitution upon the District Court is in effect an *exclusive* original jurisdiction. And this proposition is not, it is conceived, correct. To adopt it would be in effect to interpolate in the provision in question the word "exclusive," and, instead of "shall have exclusive original jurisdiction," to make the provision read, "shall have exclusive jurisdiction." Had this been intended by the framers of the Constitution, they would doubtless have employed language appropriate to convey their meaning.

Had the jurisdiction conferred upon each court been by legislative enactments in the same language employed, it [100] would not, it is presumed, be questioned that it would have been *concurrent* in each court, and of course *exclusive* in neither. And it is not perceived that it affects the question that the jurisdiction is conferred upon one court by the Constitution, and upon the other by the statute, since the former is not exclusive, and there is no inconsistency or conflict between the provisions. The conferring upon an inferior court jurisdiction of a case of which a superior court has jurisdiction renders their jurisdiction *concurrent,* but not *inconsistent.* It does not deprive the superior court of its jurisdiction. (4 Ala. R., 272.) And this is in accordance with the opinion of this court in the case of Love & Chappell *v.* McIntyre, decided at the last term; from which we see no reason to depart.

We are of opinion, therefore, that it was competent for the Legislature to give to the Justice's Court jurisdiction of the subject-matter of this suit; that there is no conflict between the Constitution and the statute in this respect; that the justice, therefore, had jurisdiction, and that the court erred in dismissing the case. The judgment must therefore be reversed and the cause remanded for further proceedings.

Judgment reversed.