Slocumb v. The State.

SLOCUMB AND ANOTHER v. THE STATE.

Where the Sheriff returned a *capias* executed by serving it upon the defendant and taking his bond for his appearance, in pursuance of Article 2889, and the bond was indorsed approved by the Sheriff, and marked "Filed *nunc pro tunc,* the 30th December, 1851," signed by the Clerk; *Held,* That the bond was sufficiently "returned and certified." (No objection was taken below.)

A paper may be marked filed *nunc pro tunc,* so as to correspond with the fact of filing.

Where a paper was marked "Filed *nunc pro tunc* the 30th December, 1851," and the record contained no corresponding order of the Court, nor bill of exceptions, the Court said that the words "*nunc pro tunc*" might be rejected as surplusage.

It is proper to order an *alias capias* to issue against a defendant in a criminal case, at the same time that judgment *nisi* is rendered against him and the sureties on his bond to appear.

Error from Bastrop.    A. W. Winn was indicted, Fall Term, 1851, for assault and battery.    Process was issued 30th December, 1851, and returned "Came to hand same day issued, and "executed the same, serving the within *capias* on said Winn "and taking his bond for his appearance at the next Term of "the District Court."    Then followed a bond by Winn, as principal, and the plaintiffs in error, as sureties, for Winn's appearance, as aforesaid.    The bond was dated same day the writ issued; was indorsed "approved the 30th December, 1851, John Hearn, Sheriff B. C.;" and was also indorsed "Filed *nunc pro tunc* the 30th December, 1851, Jas. P. Wallace, Clerk D. C. B. C."    The defendant Winn failing to appear, judgment *nisi* went against him and the plaintiffs in error, as his sureties; and a *capias* was ordered against Winn.

At the next Term, *scire facias* having been served, the judgment was made final. The errors assigned will be found in the opinion of the Court.

*Attorney General*, for defendant in error.

HEMPHILL, CH. J.   This is a judgment, on a bond taken by the Sheriff by virtue of Article 2889. It is assigned

1st. That the bond was not certified and returned to the District Court as the law directs.

2nd. That it was not filed by the Clerk the day it came to his hands, but was erroneously ordered by the Court to be filed "*nunc pro tunc.*"

3rd. That judgment was improperly rendered against plaintiffs, who were securities in the bond, after an *alias capias* had been ordered to issue against Winn, the principal.

There is nothing substantial in any of these grounds.   The statute requires the bond to be returned and certified to the Court, without stating the mode, or form, in which this shall be done.   Here the Sheriff certifies on the *capias*, that he has taken the bond ; and the bond is marked filed, by the Clerk. This is sufficient to show that it is the bond of the parties, given in the cause, among the papers of which it is found.

There was no error in ordering the bond to be filed "*nunc pro tunc.*"   No such order appears, however, of record.   Nor is there anything which shows the necessity of such order. The bond was executed the 30th December, 1851, and is marked filed, the same day, with the addition of "*nunc pro tunc.*" This addition may be rejected as surplusage, as there is no apparent necessity for any such qualification of the filing.

There is nothing in the fact, that an *alias capias* had been ordered to issue. It was to the benefit of plaintiffs, as the principal might have been brought in before the entry of final judgment on the bond.

                                        Judgment affirmed.