### TATEM *v.* POTTS and Another.

If one of two defendants taken on a joint *ca. sa.* be discharged under the statute from prison, in consequence of the plaintiff's refusal to pay for his support, that does not operate as a discharge of the judgment.

An objection to a *sci. fa.* on a recognizance of bail, because it shows a variance in amount between the judgment and execution, is not tenable.

*Thursday,*
*May 27.*

APPEAL from the *Vigo* Circuit Court.

SULLIVAN, J.—This was a *sci. fa.* by the plaintiff against the defendants, to show cause why execution should not issue against them on a recognizance of special bail entered into by *Anne Potts,* one of the defendants, previously to her marriage with *Samuel Potts,* the other defendant. The *sci. fa.* sets forth, that a *capias ad respondendum* issued out of the Circuit Court of *Vigo* county at the suit of *Tatem* against *David Potts* and *Joseph Coles;* that by virtue of said writ they were arrested by the sheriff; that the defendant *Anne,* being then sole and unmarried, became special bail for the defendants in said suit; that a judgment was obtained against them on which a *capias ad satisfaciendum* was in due course of law issued; that the sheriff returned on said writ, that he had executed the same on *David Potts* and had committed him to jail, and that *Coles* could not be found; that the said *Anne* afterwards intermarried with the said *Samuel,* &c.

One of the pleas filed by the defendants in this case, and the only one necessary to be noticed, was as follows: The defendants say, that the plaintiff ought not to have execution against them, because they say that since the recovery of the said judgment against the said *David Potts* and *Joseph Coles,* an execution called a *capias ad satisfaciendum* was issued from the clerk's office of the Circuit Court of *Vigo*

county directed to the sheriff of said county against the said *David Potts* and *Joseph Coles* jointly; that by virtue thereof the sheriff arrested and took the body of *David Potts*, and confined him in the common jail of *Vigo* county; and that he, while there in the custody of the sheriff, having made affidavit pursuant to the statute in such case made and provided of his inability and want of means to sustain himself in prison, the plaintiff refused to support him in jail or to provide any means therefor; and that thereupon the sheriff released him from his custody and from imprisonment as he was in duty bound to do; wherefore defendants say that said judgment and recognizance have been fully satisfied and discharged, &c.

The plaintiff filed a general demurrer to the plea which was overruled by the Court, and judgment given for the defendants.

By the common law, if a debtor whose person is in execution be released by the creditor, it operates as a release of the judgment. So, if the plaintiff consent to discharge one of several defendants taken on a joint *ca. sa.*, he cannot afterwards retake him or take any of the others. The reason is, that the debt was thereby discharged. *Clark* v. *Clement et al.*, 6 T. R. 525.

In the case under consideration, the debtor was discharged because the creditor refused to support him in prison. The statute provides, that when any person who is imprisoned on any process, shall be unable to support himself in prison and shall make affidavit to that effect, the plaintiff shall in such case stand chargeable for his support, and in case the plaintiff shall fail or refuse to furnish the means necessary for the reasonable support of such person in prison, it shall be the duty of the jailer immediately to discharge him. R. S. 1838, p. 231. A discharge of the debtor under this statute, on account of a refusal by the plaintiff to support him in prison, is not a discharge with the consent of the creditor. The case of *Nadin* v. *Battie* and *Wardle*, 5 East, 147, which is analogous to this case, shows that such a discharge does not come within the common law principle. In that case the defendants were arrested on a joint *ca. sa.*, after which *Wardle* was discharged under an insolvent debtors' act, the

plaintiff not opposing such discharge. A motion was made to discharge the other defendant, on the ground that the plaintiff had so far adopted the act discharging the debtor, that if he had chosen to pay the prescribed fees he might have prevented the discharge. The Court however refused the motion, saying that the discharge could not be said to be with the plaintiff's assent, because he did not choose to detain the party in prison at his own expense. Nor can the law, which works detriment to no man, in consequence of having directed the discharge of one defendant, so far implicate the plaintiff's consent, against the fact, as to operate as a discharge of the other. We are of opinion that the Court erred in overruling the demurrer to the defendants' plea.

The objection made to the *sci. fa.* on the argument of this cause, on account of the variance between the amount of the judgment and the execution that issued upon it, is not tenable. That was a mere clerical misprision, and amendable at any time.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

A. Kinney and S. B. Gookins, for the appellant.
W. J. Brown, for the appellees.