JESSE BURDETT vs. JOHN B. MARSHALL — Error from Bastrop
County.

The entry upon an appeal bond, that it is approved, is not a judicial but a
mere clerical act, and the omission to make the entry does not affect the
validity of the bond.

It is the province of the court to correct all mere clerical errors and omissions
in matters of form.

Case stated in the opinion of the court.

FISK for plaintiff in error.

HANCOCK for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court,
Justice LIPSCOMB giving no opinion.

This suit was brought before a justice of the peace by the
defendant in error against the plaintiffs in error, upon a note
of which one of the latter (Burdett) was maker, and Burch the
indorser. The case was tried in April, 1847. The justice
gave judgment for the plaintiff below, and the defendant, Bur-
dett, appealed to the district court.

On motion of the appellee in that court, the appeal was dis-
missed, on the ground that the appeal bond did not appear to
have been approved by the justice, and the appellant prose-
cuted this writ of error.

It appears from a bill of exceptions taken at the district
court, that the appellant (Burdett) moved to dismiss the suit
for the alleged cause that he was sued out of the county in
which he resided; that thereupon the appellee moved to dis-
miss the appeal; that the appellant then asked that the justice
who tried the case might be permitted then to write his ap-
proval on the appeal bond, which permission the court refused,
and overruled the appellant's motion to dismiss the case, and
sustained the motion to dismiss the appeal for the cause before
stated.

The bond appears to have been executed on the day of the

rendition of judgment by the justice, and he certifies that on that day an appeal was prayed and granted. It wants the evidence of his approval, but is, in all other respects, formal and complete.

It is insisted for the plaintiff in error that the court erred in two respects:

1st. In overruling the appellant's motion to dismiss the cause on account of his alleged non-residence.

2d. In refusing to permit the justice to supply the omission to enter his approval on the appeal bond; and in dismissing the appeal because of its absence.

1. The first objection, if well founded in fact, was the proper subject of proof; and, unless its truth had been made to appear to the court, could not be taken advantage of by a motion to dismiss. But it nowhere appears in the record that the appellant was not a resident of the county and precinct in which he was sued. There is what purports to be a bill of exceptions, in which it is stated that the objection was made by plea in abatement before the justice, and its truth admitted, and that it was overruled by him. But this paper is not signed, nor in any manner authenticated. Whether the defendant had been sued in the proper jurisdiction, therefore, is a question which does not appear to have been properly presented to the district court, and hence it will not be considered by this court.

2. The approval of the appeal bond, required by the statute, is an act of judgment, and is intended to protect the rights of the appellee. But the *entry* upon the bond of that approval is not a judicial, but a mere clerical act. It is not of the essence of the obligation, and its omission could not vitiate the bond or affect its validity. It is the province of the court to correct all mere clerical errors and omissions in matters of form. "Mere clerical errors may always be amended, even in criminal cases." [2 Binn. 514; 2 Bibb, 88; 5 Ala. 26; 4 id. 432; 5 Blackf. 534.]

The facts disclosed by the record leave no doubt that the bond had, in point of fact, received the approval of the justice,

though he had omitted to place the evidence of his approval upon it formally in writing. This mere clerical omission he ought to have been permitted to supply, and it was error in the court to refuse the permission.

We are of opinion, therefore, that the judgment be reversed, and the cause remanded for further proceedings.