# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1870.

---

## B. F. DOUGHTY v. THE STATE.

1. To *scire facias* on a bail bond, taken on a charge of a felony, the bail answered that the bond was void, for the reasons that their principal was never in custody of any officer authorized to make arrests for the offense charged; and that the bond was not taken or approved by the sheriff or any constable of the county, but that their principal surrendered himself to the clerk of the District Court, who wrote, received and approved the bond without the knowledge or sanction of the sheriff. *Held*, that the answer presented no defense, and was properly stricken out on exceptions.

2. The Code of Criminal Procedure (Paschal's Digest, Articles 2677, 2678, 2682, 2692,) invests every individual with all the powers of a peace officer, and among them the power to arrest for felony, and to take bail if the arrest be made in vacation. But when a private person makes an arrest for felony without a warrant, he does so at the peril of damages in case no felony has been committed.

3. A district clerk has no official power to take a bail bond; but as an individual, acting in the capacity of a peace officer, he, like any other private person, is empowered to do so by the enactments cited. It is immaterial, it seems, that his approval of the bond is attested by him as clerk.

4. The statutory provisions respecting the approval of bail bonds are simply directory, and a bail bond is not void by reason of the non-compliance with them of the officer or person taking the bond.

5. The bail bond in this case was conditioned for the appearance of the principal " to answer an indictment to be exhibited against him, charging him with assault with intent to murder." The record shows that the principal was indicted prior to the execution of the bond, but does not

show that the district judge either had or had not fixed the bail to be required. *Held*, that this court must presume that this duty was performed by the district judge.

6. (On motion for rehearing.) The foregoing rulings have been reached by collating the several statutory provisions relating to arrests and bail, and by reconciling them with each other.

APPEAL from Goliad. Tried below before the Hon. Wesley Ogden.

This was a *scire facias* against bail. Indictment for assault with intent to murder was found against the principal in August, 1868, and the bail bond was executed in October, 1868, before the clerk of the District Court, who certified his approval of it over his official signature. Answer to the *scire facias* alleged the facts succinctly but fully set forth in the first head note. Exceptions to the answer were filed by the State, and were sustained by the court, and judgment final rendered against the defendants, who moved for a new trial and in arrest of judgment, and appealed in consequence of their motions being overruled.

*James Martin*, for appellants, cited the case of The State v. Wm. Mullen.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—*Before* indictment found, *any private person*, as well as a peace officer, may, without warrant, arrest for any offense coming within the grade of a felony. In all such cases, whether the arrest be made by a peace officer or by a private person, either or both must take the person before a magistrate, to be dealt with as the law prescribes. (See Articles 2677, 2678 and 2682, of the Code of Criminal Procedure as published in Paschal's Digest.)

*After* indictment found, no person but a peace officer can be compelled to execute a warrant of arrest or *capias* issued upon the indictment. But a private person may undertake the execu-

tion of it; and in doing so he will be invested with the same rights and subject to the same sanctions as the peace officer, who is compelled by law to undertake the execution of it. (See Article 2692, Paschal's Digest.) When a private person undertakes to execute the warrant of arrest, whether at the instance of the peace officer or of his own volition, he is clothed with all the powers of the peace officer, and may discharge all the ministerial duties assigned by law to that officer in the given case, in its performance. Among those powers is that of taking bail of the prisoner, if the arrest be made in vacation. This court is bound to indulge the presumption that the district judge, before the adjournment of the court, at the term when the indictment was found, fixed the amount of the bail to be required, which was entered upon the minutes of the court, and was a guide and direction to the officer or *person* arresting the accused during vacation. This is prescribed in Article 2895. It is true that a private person, who undertakes to arrest an offender without warrant, before indictment, does it at his peril; for, if it should turn out that no felony was committed, he would be liable to the party aggrieved in an action for false imprisonment, as in any other case for putting in duress. The bail bond, therefore, which was taken in this case by the clerk, is not void. Although, by virtue of his office as clerk, he had no authority to take a bail bond; yet he did take it; and as a private individual, assuming voluntarily to act in the premises, he did so under all the sanctions annexed by law to such action of a peace officer.

These several provisions of the Criminal Code virtually constitute every individual of the community a peace officer or policeman, as auxiliary to the regularly appointed officers, who may aid in the detection and repression of crime. It is an innovation upon the common law. But it is a wise provision. And in an enlightened and healthful state of public sentiment, it affords additional facilities in society for its expurgation of all felons.

This bond was taken by the clerk of the court in vacation. It contains the usual stipulations in bail bonds to secure the appearance of the accused at the next succeeding term of the court, and his continuance there, till discharged in due course of law. These sureties voluntarily entered into the engagement and bound themselves, in a penalty, to secure his appearance. They now seek to avoid the obligation of their bond by alleging that the clerk was not authorized to approve of such bonds. The statute in reference to the approval of such bonds is simply directory to the person who takes it. He must be satisfied with the sufficiency of the sureties offered. The justification by the affidavit prescribed in the code is intended for the protection of the officer or person who may take the bail, against the denunciations of other provisions of the code for any misfeasance. The officer or person who takes the bail is only required to be satisfied of the sufficiency of the bail. And this he may be without the justification under oath. Of this neglect, if it were a neglect, the sureties have no just right to complain. It does not, however, vitiate the bail bond. The bond, upon the hypothesis that the District Judge had fixed the amount of bail (which hypothesis this court must assume to be true), is a valid bail bond. And as the sureties, in their response to the rule *nisi*, did not bring themselves within any of the causes which exonerate the defendant and his sureties from liability on their bail bond, the District Judge did right in sustaining the exceptions filed by the attorney for the State to the answer of the sureties. The judgment is therefore affirmed.

Affirmed.

*Prior Lea*, for appellants, moved for a rehearing upon the following grounds:—In the case of Doughty and others v. The State of Texas, the appellants, by their attorney, respectfully petition the honorable court for a rehearing. In support of the application the following views are submitted:

The decision of this honorable court affirms, in substance, that a person who has been indicted for a felony may go to any other private citizen who may be willing to act in the business of taking bail from the accused on his voluntary surrender, and make an arrangement with such special friend for his taking of bail and for the consequent discharge; and that the friendly citizen may determine the sufficiency of sureties on his own knowledge or pleasure, without requiring proof.

In view of the consequences of such a license, the attorney hopes to be excused for suggesting the propriety of renewed consideration of the present case.

First in order—The facts are to be distinctly noted. August 28, 1868, an indictment was found against Doughty for felony in assaulting with intent to murder.   The accused had not been arrested on October 31, 1868, when he went to the clerk of the District Court; and between them an arrangement was made for a surrender of the accused to said clerk, and for the paper in question and for discharge of the accused.   It does not appear that a *capias* had been or then was in hands of any officer or private citizen; but if so, such officer or citizen neither knew nor did anything concerning the surrender, or the bailing, or the discharge. At February term, 1869, the *nisi* judgment was rendered. Thereon was issued a *scire facias;* and in answer thereto, the foregoing facts, in substance, were pleaded in due form.   But the District Attorney excepted to the answer as insufficient in substance; and the court sustained the exception, ruling that the paper was a legal bail bond.   So the accused is gone and the sureties are treated as liable for money.

Second—The facts being stated, the law must be scrutinized to see if it sustains such a paper as a legal bail bond.

On the pleading of appellants, their attorney respectfully submits that they are not liable as bail for the following reasons :

The impugned paper is void as conflicting with the provisions of the code on the subject of bail.

In general, the sheriff is the proper official for taking bail, even when an arrest is made by another peace officer, the latter being bound to deliver the person and writ to the sheriff, as appears by Article 2896 of Paschal's Digest.

In particular, the clerk, who had not any process and acted as a private citizen, had not any authority over the accused, either to arrest him or to accept of his surrender, or to take bail from him, with his consequent discharge.

The paper conflicts with a provision of the code, as found in Paschal's Digest, 2729. It reads thus : "A bail bond is entered into either before a magistrate upon an examination of a criminal accusation against a defendant, as provided in chapter three of this title, or before a judge, upon an application under *habeas corpus*; or it is taken from a defendant by a peace officer, who has a warrant of arrest or commitment, as hereafter provided." The disputed paper certainly does not belong to any class of bail bonds within the code. Each of them has to be taken by official authority ; and the paper in question was taken confessedly without such authority. To sanction such an arrangement would be legislation, because it would add a new kind to the code's catalogue of bail bonds.

But other provisions of the code forbid the sanctioning of this paper.

Without a warrant a private citizen may arrest an offender, when the offense is one classed as a felony or as an offense against the public peace ; but the arresting person must immediately take the other before a magistrate. (See Paschal's Digest, 2677, 2682.)

Under a warrant a private citizen may arrest ; but he cannot be compelled to do such business ; nor can he have such authority except in the appointed mode ; and the code distinctly shows when

and how such authority may exist. A magistrate, on prescribed occasion, may direct his warrant to a private citizen, who may be willing to execute the process; but in such case his name must be set forth in the warrant, that shall be directed to him for his personal execution; and the arresting person must take the other forthwith before a magistrate. (See Paschal's Digest, 2691, 2692, 2693.)

The foregoing specifications are all the kinds of authority that a private citizen can have for arresting and disposing of another person on accusation of crime. While the code specifies these allowed cases, its other provisions cover all other cases of bail by official modes of procedure, that do not tolerate private interference by arresting, holding, bailing, or discharging any person accused of crime. And the specified authority of private persons relates expressly and exclusively to proceeding in advance of the finding of an indictment. But the proceeding in question was predicated on an indictment that had been found.

The clerk could not rightfully issue a *capias* after he had taken a bail bond, if he had authority to take it and discharge the accused person; and he would be likewise inhibited from issuing a *capias* on the filing in his office of a bail bond taken by any private citizen, if such bond were legal. So, under license for voluntary private action, official responsibility and security would be effectually supplanted.

But such a license would conflict with another provision of the code, requiring the person, executing a warrant of arrest, to show it if requested. (See Paschal's Digest, 2699.) The warrant could not be shown by the voluntary and unauthorized operator, and his assumed officiousness would be repelled with violence. The object of this provision is to prevent collisions, but the license would encourage them. Hence warrants are indispensable, except in cases of greatest emergency. And a private citizen cannot arrest without warrant, except on his own view in case of felony

or of breach of public peace. Even this limited license has its necessary perils, in compromise of public interests. This aspect of the subject is not the less impressive because the same license gives opportunities for friendly arrangements, as exemplified in the present case.

Second—Although the pretended bond was voluntary, yet it is void for want of consideration, inasmuch as the clerk had no authority to accept a surrender and to give a discharge. The Government did not give anything for the apparent obligation to it.

Third—The paper in question cannot be enforced on the ground of voluntary wrong, on the part of appellants, in giving the apparent obligation in derogation of law, inasmuch as affirming the validity of the paper would necessarily adopt plain and conceded violation of law, thereby fostering disrespect and disobedience of the Government. This could not be done by the State without compromising its self-respect. And such public scandal could not be compensated by thus mulcting appellants for dereliction in giving the paper, even if the act could be properly imputed as a fault of surities.

Fourth—Moreover, if the positive enactments allowed construction, public policy would dictate construction and administration of the law so as to prevent such arrangements as that which was made between the accused, Doughty, and the clerk of the District Court, inasmuch as such proceeding supersedes official regularity, responsibility and reliability, and aids a person indicted for felony to avoid trial, and so favors the commission of crime.


Response to the application for re-hearing:

LINDSAY, J.—After a careful re-examination of the law in reference to arrests in connection with this case, it is not perceived that any error is committed in the opinion delivered. The evils imagined and apprehended by the applicant are more likely to be

avoided than induced from the interpretation of the law given in the opinion. It is consistent and harmonious with all the articles referred to in the code; and does not conflict with them in the least degree. The deductions made in the opinion are arrived at by grouping all the articles together, and reconciling their separate provisions with each other. By this mode of interpreting the criminal law, offenses will be the more easily repressed. It is no judicial legislation, when they are so interpreted as to make them perform certainly and efficiently their intended office. The re-hearing is refused.

Re-hearing refused.