## THE STATE V. D. B. BROWN AND HIS SURETIES.

1. A recognizance conditioned for the appearance of an accused to answer a
" prosecution upon indictment found at this term of the district court
aforesaid, for the crime of murder," complies sufficiently with the pro-
visions of the statute requiring a recognizance to " state the name " of
the offense with which the defendant is charged, and to show that he is
accused of an " offense against the laws of the State." (Paschal's
Digest, article 2731.),

2. In a motion to set aside a judgment *nisi* on a forfeited recognizance, the
sureties alleged that their principal, the party accused, was dead at the
time the judgment *nisi* was rendered; but this allegation was not veri-
fied by oath, nor supported by any proof. *Held*, that the allegation
should have been wholly disregarded, and it was error to assume its
truth and set aside the judgment *nisi*.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The facts of any significance are apparent. The recognizance contained no further description of the offense charged than that given in the head note.

No briefs on either side.

OGDEN, J.—There is no bill of exceptions nor assignment of errors in this case, and the Attorney General has failed to file any brief pointing out any errors in the case, and this court would be fully authorized in dismissing the case from the docket for these reasons. But on an examination of the record, we find such errors in the judgment of the court as to require a reversal of the case.

The defendants filed a motion to set aside a judgment *nisi*, rendered in December, 1865, forfeiting a recognizance, for the reason that the recognizance fails to state the name of the offense of which the principal defendant is accused, and because it does not appear from the recognizance that the defendant was accused of an offense against the laws of the State. The recognizance states the fact that the defendant was indicted in the district court for the crime of "murder," and we are unable to come to the conclusion that the crime of "murder" is not an offense against the laws of this State, and therefore are of the opinion that the court erred in setting aside the judgment *nisi* on that ground. The defendants also set out in their motion the fact that the defendant, Daniel B. Brown, had departed this life previous to the rendition of the judgment *nisi*. This allegation was not sworn to, and so far as the record shows there was no proof before the court of the death of the defendant Brown. Under such circumstances the court should not have regarded that portion of the motion at all. For these reasons the judgment of the district court is reversed and the cause remanded.

Reversed and remanded.