W. H. CUNDIFF V. THE STATE OF TEXAS.

1. It is not necessary in a bail bond that the venue of the offense named be stated therein.
2. It will not vitiate a bail bond that it expressly requires the principal to appear from day to day, etc.
3. There is no time fixed by law for the filing of the bail bond; it is sufficient if it be in court and on file before trial.

ERROR from Houston. Tried below before the Hon. Samuel L. Earle.

Plaintiff in error was surety on the appearance bond of one Ross, charged with theft. Ross failing to appear, his bail bond was forfeited, and proceedings had so that judgment final was rendered against plaintiff in error for $800 — from which he prosecutes a writ of error to this court.

The proceedings are shown in the opinion of the court.

No brief for appellant has reached the Reporters.

*Attorney-General*, for the State.

WALKER, J.—This case is not briefed for the appellant, nor is there any proper assignment for errors. The petition for the writ of error probably states the reasons for bringing the cause to this court.

The affidavit for a continuance is that of the attorney, and not of the party who should make it; but it is not sworn to or signed, and therefore need not be further noticed.

The theft of a watch and chain, with which Ross is charged in the bond, *is* an offense against our laws. It is not necessary that the bond should state the county in which the offense was committed. (The State v. Brown, 34 Texas, 146.)

The condition and requirements of the bond are in accordance with law. A recognizance or bail bond is not defective because it requires the party bounden to appear from "day to day." But it is objected that the bond was not upon the files of the court. The bond appears to have been filed "*nunc pro tunc*," on the day of entering the second judgment *nisi*. There is no time fixed by law for the filing of the bond, and it is sufficient if it be in court,

and on the files, before the trial. (Haverty *et al.* v. The State, 32 Texas, 602.) In the absence of anything to the contrary, the presumptions are in favor of the judgment, and that everything necessary to be done was done in accordance with law.

There has been a good deal of frivolous resistance to this judgment, for which nobody assumes the responsibility in this court. But we find no error in the record on which to reverse the judgment, and it is therefore affirmed.

AFFIRMED.