# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1884.

### T. J. BRACK v. J. P. McMAHAN.

#### (Case No. 1655.)

1. AMENDMENT — ATTACHMENT.— A blank date left in the attestation of the clerk to a writ of attachment issued by him, may be filled on motion when the writ itself shows the date of its issuance.
2. LEVY — WAIVER.— A sheriff in levying a writ of attachment described the property seized under the writ as "a stock of goods, wares and merchandise;" they were at once replevied by the defendant, who waived an inventory, consented to the valuation, and gave a delivery bond. *Held,* that every purpose of an inventory having been subserved, the defendant was estopped from objecting to a more specific levy.

APPEAL from Newton. Tried below before the Hon. W. H. Ford.

In this case the court on application permitted a blank left in the date of the writ of attachment to be filled, the correct date being manifest from other portions of the writ. A motion to quash was filed: . . . 2d, because the writ of attachment was not dated; . . . 4th, because there was no sufficient levy in the writ of attachment; which was overruled. The sheriff's return showed a. levy on a stock of goods, wares and merchandise; there was no inventory, or more specific description of the goods seized. The stock was at once replevied by defendant, who waived an inventory,· admitted they were of the value of $1,200, and gave delivery bond.

*John T. Sutton,* for appellant, cited: R. S.<sub></sub> art. 152, sec. 1; J. R. Marshall *et al. v.* D. H. Allen, 25 Tex., 342; Messner *v.* Lewis, 20· Tex., 224–6.

*T. W. Ford,* for appellee.

WILLIE, CHIEF JUSTICE.— The bills of exceptions in this cause were presented to the district judge, and allowed and filed by him after the adjournment of the term of the court at which the cause was tried. Hence, none of the rulings below that are presented by these bills alone can be revised.

One question otherwise apparent upon the record and assigned as error arises upon the action of the court in allowing the blank left in the date of the writ of attachment to be filled. This blank occurred in the attestation of the clerk who issued the writ, whilst the date of its issuance was given in full. The omission was not of much importance, as all the information necessary as to the date of the attachment was conveyed in other portions of the writ. Neither the defendant nor the officer making the service could have been misled, and no third party interested in the matter made objections to the want of a date in the writ or to its amendment.

It has been held by this court in several cases, that original citations might be amended in even more important particulars; and it was decided in Andrews v. Ennis & Co., 16 Tex., 46, that the attestation clause in a writ is but a matter of form, and its omission might be cured by amendment. Burdett v. Marshall, 3 Tex., 24; Austin v. Jordan, 5 Tex., 130; Cartwright v. Chabert, 3 Tex., 261. Statutes allowing sheriff's returns upon ordinary process to be amended have by analogy been extended to his returns upon writs of attachment. Messner v. Lewis, 20 Tex., 221. And this court has allowed important amendments to be made to a writ of sequestration after it has been executed and returned into court. Porter v. Miller, 7 Tex., 468. The rules in reference to such process are as stringent as in cases of attachment.

We see no error in the action of the court in allowing the date to be inserted in the attestation clause of the writ, under the circumstances surrounding this case; and there was no error in refusing to quash the writ when thus amended.

The assignment as to a variance between the amount claimed in the petition and that stated in the affidavit does not seem to be borne out by the record, and will not be further noticed.

The only remaining point is as to the sufficiency of the levy made by the sheriff. Whilst this levy merely describes the property seized as a stock of goods, wares and merchandise, yet this stock was immediately replevied by the defendant, and he expressly waived an inventory of the goods, and consented that they were of the value of $1,200, and gave his delivery bond accordingly. Every purpose which an inventory could have served was accomplished without re-

sorting to a listing of the goods, and every reason upon which its requirement is based was removed by this consent on the part of the defendant. He was estopped from taking any advantage of a failure of the officer to do what he had expressly waived, and no other party made complaint of the manner in which the levy was effected.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered January 29, 1884.]