No. 3211

GEORGE TAYLOR *v.* THE STATE.

1.  PRACTICE—APPEALS TO THIS COURT—CASE    ATED.—The appellant was convicted in a justice's court for carrying a pistol, and his punishment was assessed at a fine of twenty-five dollars.  His appeal to the county court was there dismissed on the ground that his appeal bond was defective; from which judgment of the county court appeal is prosecuted to this court.  A motion is made by the Assistant Attorney General to dismiss this appeal because this court has no jurisdiction of appeals from justices' courts wherein the fine, exclusive of costs, does not exceed one hundred dollars.  *Held,* that Section 16 of Article 5 of the Constitution, which provides "that in all appeals from justices' courts there shall be a trial *de novo* in the county court, and when the judgment rendered or the fine imposed by the county court shall not exceed one hundred dollars, the trial shall be final," applies only to trials *de novo* on the merits in the county court, and not to such proceedings as were had in this case.  In other words, an appeal lies to this court from a judgment of the county court, dismissing an appeal from a justice's court, when the amount of the judgment was for more than twenty dollars; wherefore the motion to dismiss this appeal is overruled.

2  APPEAL BOND.—In order to bind a party to a written contract it is not necessary that his signature should appear at the end of it.  If he writes his

name in any part of the agreement, it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature. In holding the appeal bond from the justice's court defective because the appellant signed his name in the middle instead of at the end, the county court erred.

3. SAME.—The county court erred in dismissing the appeal from the justice's court because it appeared that the bond had not been approved by the justice. The rule is: "The statute requiring the justice to approve the bond taken by him from a party held to appear in the district court, etc., is directory, and the bond is not a nullity because the magistrate neglects to endorse his approval on it. The approval may be inferred from his return of the bond to the district court."

APPEAL from the County Court of Wilbarger. Tried below before the Hon. J. P. Orr, Special County Judge.

The opinion discloses the case.

*Wheeler & McGhee*, for the appellant: 1. Signature of the party bound is sufficient if written in the body of the bond; citing *Alexander* v. *Baylor*, 20 Texas, 560; *Fulshear* v. *Randon*, 18 Texas, 275; *Prince* v. *Thompson*, 21 Texas, 480.

2. It was not essential to its sufficiency that the appeal bond should have been formally approved by the justice of the peace; citing *Daughty* v. *The State*, 33 Texas, 1; *Dyches* v. *The State*, 24 Texas, 266; *Cunaiff* v. *The State*, 38 Texas, 641.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Prosecution was commenced in this case by complaint filed in a justice's court. charging appellant with unlawfully carrying a pistol. Defendant was tried, and his punishment assessed at a fine of twenty-five dollars, in the justice's court. He appealed to the county court, where his appeal was dismissed because of insufficiency of his appeal bond, and he has appealed to this court from the judgment of the county court dismissing his appeal in that court.

A motion is now made by the Assistant Attorney General to dismiss the appeal in this court because this court has no jurisdiction, inasmuch as the fine, exclusive of costs in the justice's court, did not exceed one hundred dollars.

It is provided by the sixteenth section of article five of the Constitution that "in all appeals from justices' courts there shall

be a trial *de novo* in the county court, and when the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars the trial shall be final." Had there been a trial *de novo* and a fine of less than one hundred dollars, then such trial would have been final, and this court would have had no jurisdiction on this appeal. But there was no trial *de novo* in the county court; the appeal was dismissed, without a trial, for supposed errors in the appeal bond. "The limitation imposed by Section 16, Article 5, of the Constitution, on appeals from the county court in causes appealed from a justice's court, applies only when there has been a trial *de novo* on the merits and the recovery was less than one hundred dollars. An appeal lies to the Court of Appeals from a judgment of the county court dismissing an appeal from a justice's court where the amount of the judgment was for more than twenty dollars. (*Pevito* v. *Rodgers*, 52 Texas, 581.)

The motion of the Assistant Attorney General to dismiss this appeal is not well taken, and is overruled.

Did the county court err in dismissing the appeal from the justice's court because the appeal bond was insufficient and defective? Two objections were made to the bond in the motion to dismiss, viz: 1. Because George Taylor, the principal, had signed his name in the centre instead of at the end of the bond. 2. Because the bond did not show that it had been approved by the justice trying the case below.

"In order to bind a party to a written contract it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature." (*Fulshear* v. *Randon*, 18 Texas, 275.)

Nor was the second ground of the motion well taken. In *Dyches* v. *The State*, 24 Texas, 266, it was held that "the statute requiring the justice to approve the bond taken by him from a party held to appear in the district court, etc., is directory, and the bond is not a nullity because the magistrate neglects to endorse his approval on it. The approval may well be inferred from his return of the bond to the district court." (*Doughty* v. *The State*, 33 Texas, 1; *Cundiff* v. *The State*, 38 Texas, 641.)

Because the county court erred in dismissing the appeal from

the justice's court, for supposed defect in the appeal bond, the judgment is reversed and the cause remanded for a trial *de novo* on its merits.

*Reversed and remanded.*

Opinion delivered June 21, 1884.