NED JONES AND STERN & MARTIN v. ORANGE WELLS.

(No. 1868.)

APPEAL from Washington County.   Opinion by WILL-SON, J.

R. S. TARVER, counsel for appellants.

No counsel appeared for appellee.

<div style="float:right">3 w 117<br>§ 94<br>20a 274<br>3 w 352<br>3 w 409</div>

§ **94.** *Appeal bond in justice's court; when an appeal in justice's court is perfected; filing appeal bond; meaning of "file;" case stated.* Appellee recovered a judgment in justice's court against appellants. Within two days after the rendition of judgment appellants delivered to the justice who rendered the judgment an appeal bond in due form, for the purpose of removing the cause to the county court. At the time the bond was delivered to said justice he was sick, and in a few days thereafter he died. When the justice's successor in office forwarded the papers in the cause to the county court, he also forwarded said appeal bond which he found among them, but which had no file mark or approval upon it, made by his predecessor. The cause was docketed in the

county court May 18, 1885. July 22, 1885, appellee moved to dismiss the appeal, because the appeal bond had not been filed or approved by the justice, and because it did not appear from said bond that the appeal had been perfected by a bond filed within the time required by law. Appellants answered this motion, alleging that the bond had in fact been filed with and approved by the justice, who tried the cause within the proper time, and that owing to the sickness and death of said justice, it had not been indorsed filed and approved by him. They proposed to prove the matters alleged in their answer, and prayed that said bond might be filed and approved *nunc pro tunc.* The court refused to hear proof of the matters alleged in their answer, refused to permit the bond to be filed and approved *nunc pro tunc,* and dismissed the appeal. *Held:* Article 1639, R. S., as amended [Gen. Laws 18th Leg. Reg. Sess. p. 91], requires the party appealing from a justice's judgment *"to file with the justice,"* within ten days after rendition of the judgment, "a bond, with two or more good and sufficient sureties, to be approved by the justice," etc. "When such bond has been filed with the justice, the appeal shall be held to be thereby perfected." It will be noticed that the language used is, "filed *with,*" not "filed *by*" the justice. This clearly indicates that the *filing* of the bond is an act required of the party appealing, and not an act required of the justice. The term "file" is used to denote a paper placed with the officer, and assigned by the law to his official custody. A "file" is a record of the court, and it is the duty of the officer, when a paper is thus placed in his custody, to indorse upon it the date of its reception, and retain it in his office, and this is what is meant by his "filing" the paper. But, as was said in Holman v. Chevallier, 14 Tex. 337, "when the law requires a *party* to file it, it simply means that he shall place it in the official custody of the officer. That is all that is required of him; and if the officer omits the duty of indorsing upon it the date of the filing, that should not prejudice

the rights of the party. And hence it is the common practice, when that has been omitted, for the officer, with the sanction of the court, to make the indorsement now for then." [Knight v. Holman, 6 Tex. 153; Turner v. State, 41 Tex. 549; Snider v. Methvin, 60 Tex. 487.] It was the delivery of the bond by the party to the justice, and not the indorsement upon it by the justice of the date of its reception by him, that was necessary to the perfecting of the appeal. When appellants had delivered the bond to the justice, they had done all that the law required them to do, to entitle them to the appeal.

§ **95.** *Approval of appeal bond in justice's court.* It is unquestionably the duty of the justice, when an appeal bond is presented to him, to either approve or reject it. The statute with regard to the approval of the bond is directory, and the bond is not a nullity because the justice neglects to indorse his approval upon it. [Dyches v. State, 24 Tex. 266; Taylor v. State, 16 Tex. Ct. App. 514; 2 W. Con. Rep. §§ 791, 792.] "The entry upon an appeal bond that it is approved is not a judicial but a mere clerical act, and the omission to make the entry does not affect the validity of the bond." [Burdett v. Marshall, 3 Tex. 24.] The bond in this case having been found with the papers in the cause, it is to be presumed that the justice approved it when he received it. [Evans v. Pigg, 28 Tex. 587.] The court erred in refusing to hear proof of the matters alleged in answer to the motion to dismiss the appeal, and in refusing to permit the clerk, the justice being dead, to file the appeal bond *nunc pro tunc,* and in dismissing the appeal.

January 30, 1886.         Reversed and remanded.