### JIM MULLINIX v. THE STATE.

*No. 46. Decided May 6.*

1. **Recognizance—Disturbance of Religious Worship.**—A recognizance on appeal from a judgment of conviction for willfully disturbing a congregation assembled for the purpose of religious worship, which fails or omits to state that the congregation were conducting *themselves* in a lawful manner, is fatally defective.

2. **Same.**—Disturbance of religious worship not being an offense eo nomine, it is essential that the recognizance must set out the constituent elements of the offense as stated in article 180 of the Penal Code.

APPEAL from the County Court of Brown. Tried below before Hon. CHARLES ROGAN, County Judge.

Appellant was prosecuted by information for disturbance of religious worship, and was fined in the sum of $25.

A statement of the facts is not necessary.

*Bell & Bell,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State, moved to dismiss the appeal, because the recognizance does not state the essential elements of the offense.

DAVIDSON, JUDGE.—The information in this case was framed under the provisions of article 180 of the Penal Code, which prohibits the willful disturbance of a congregation assembled for religious worship, when conducting themselves in a lawful manner.

It is one of the essential elements of this offense, that the congregation conduct themselves in a lawful manner. This must be alleged, in order to constitute a valid indictment or information under said statute. The recited offense in the recognizance is " willfully disturbing a congrega-

tion assembled for the purpose of public worship.'' The necessary allegation, that the congregation were conducting themselves in a lawful manner, was omitted. The offense not being one eo nomine, it is essential that its constituent elements be set out in the recognizance; otherwise the obligation will be fatally defective. Turner v. The State, 41 Texas, 549; Killingsworth v. The State, 7 Texas Cr. App., 28; Koritz v. The State, 27 Texas Cr. App., 53; Edwards v. The State, 29 Texas Cr. App., 452.

The motion of the Assistant Attorney-General to dismiss the appeal is sustained, and the appeal is dismissed.

*Dismissed.*

Judges all present and concurring.