ED KIZZIA v. THE STATE.

No. 1550. Decided November 10, 1897.

**Disturbance of Religious Worship—Indictment.**

An indictment for disturbance of religious worship is fatally defective which does not allege that the congregation disturbed "were conducting themselves in a lawful manner." An allegation that they had "assembled for religious worship in a lawful manner," does not meet the requirement of the statute. Article 193, Penal Code.

APPEAL from the County Court of Waller. Tried below before Hon. R. E. HANNAY, County Judge.

Appeal from a conviction for disturbance of religious worship; penalty, a fine of $25.

The motions to quash and in arrest of judgment attacked the sufficiency of the indictment. The charging part of the indictment is set out in the opinion.

No further statement necessary.

*W. J. Pool*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment sought to charge appellant with disturbing religious worship, the charging part being as follows: "Did then and there unlawfully and willfully; by loud and vociferous talking, and by other noise, to wit, 'kicking a joint of stove pipe,' disturb a congregation at Oakland Church, Waller County, then and there assembled for religious worship in a lawful manner."

Motion to quash the indictment, as well as in arrest of judgment, was made in the trial court, because said indictment failed to allege that the congregation "were conducting themselves in a lawful manner." These motions were overruled by the court, and appellant presents this as error.

Article 193, Revised Penal Code, provides: "Any person who by loud or vociferous talking, or swearing, or by any other noise, or in any other manner, willfully disturbs any congregation, or part of a congregation, assembled for religious worship and conducting themselves in a lawful manner," etc. It will be seen that this statute makes one of the essential elements of this offense the fact that the congregation assembled for religious purposes were conducting themselves in a lawful manner; and, unless they are so doing, it would seem that a disturbance of said congregation would not come within the terms of this statute; hence no violation of the law. The fact that it is alleged that they had "assembled for religious worship in a lawful manner" does not meet the requirement of the statute that they were conducting themselves in a lawful manner after being so assembled. Everything might be true as alleged in the indictment, and yet they might not have continued in such lawful manner. In order to obtain a conviction under this statute, the proof must show that the assembled congregation were at the time of the alleged offense then conducting themselves in a lawful manner. We have held that the omission of the expression "were conducting themselves in a lawful manner" in the recognizance rendered that obligation fatally defective, and the appeal in such case would be dismissed. See Mullinix v. State, 32 Texas Crim. Rep., 116; Morgan v. State, 32 Texas Crim. Rep., 413. If, in reciting the offense in the recognizance, the omission of this expression would constitute an insufficient recitation of the offense, much more so would the indictment or information be defective, because in such case the offense itself is charged for which the defendant must be tried; and it is necessary in this State to set out in the indictment all the essential elements of the crime.

The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*

HURT, Presiding Judge, absent.