Lipscomb, J.
This-was an action on a promissory note by the payee against the maker. The only question worthy of consideration is presented by the bill of exceptions. The appellant in the court below answered fully, negativing the plaintiff’s petition, the answer corresponding with the general issue in its effects, according to the common law rules of pleading. After the plaintiff had closed his testimony, the defendant offered to prove that the plaintiff in the action was not the owner of the note sued on, but his testimony was rejected by the judge, to which the defendant excepted. There is no doubt, where the payee of a note has disposed of his interest in it without a transfer and still holds possession, that a case might occur in which the maker ought to be allowed to prove the fact, for the purpose of letting in any defense arising between himself and the person having the beneficial interest in the note; and under our system of jurisprudence, defenses of that character could be made available in an action like the one under consideration; not, however, by a plea in abatement, but by setting up such matter of defense specially in the answer. *(61) Tbe mere naked fact of tbe plaintiff not being tbe real owner of the note would not be matter of defense, either in bar or in abatement. It not unfrequently happens in the course of business that a suit at law is brought by the legal holder, when the interest is in another; and this practice is not repugnant to the rules of law. In equity, however, the real party in interest must sue.
This doctrine is acknowledged by Chancellor ‘Walworth, in Earr v. Gomez, 9 Wend. 653. He says that “it frequently happens that a person is the lawful holder of negotiable paper as the mere naked trustee of another, and for the purpose of collecting the same in his own name for the benefit of the real owner, and if a suit at law is brought in the name of such holder, the defendant cannot object that the plaintiff is not the real owner. In such cases, if the holder of a note or bill is discharged under the insolvent act, no interest or right in the securities passes to his assignees, and the holder may continue an action at law previously commenced for the recovery thereof in his own name or bring a new suit without reference to the assignees.” The true and real owner of the note sued on in the case under consideration could not have been a material inquiry. The note itself showed the right of the plaintiff to sue at law, and the inquiry whether there was an equitable owner, aside from or behind the legal ownership, was not essential to the rights of the defendant, unless there was matter of defense growing up between him and such equitable owner. The judgment against him would be a complete bar to another action on the same note. The inquiry, who was the real owner, could only have been a matter of idle curiosity.1 Because, then, the evidence offered in the court below and overruled by the judge was not pertinent to the issue, it was properly rejected. The judgment is therefore affirmed.