Wheeler, J.
The grounds relied on for a reversal of the judgment are—
1st. That the indorsee of the note sued on cannot maintain the action in his own name. ■
2d. That the judgment is erroneous, 1st, in sustaining exceptions to the defendant’s special plea, alleging that the real ownership of the note was in a person other than the plaintifi'; 2d, in refusing the instruction asked by the defendant;-and, 3d, in permitting the amended petition to be read anil considered.
The principles maintained in repeated decisions of this court, applied to the present case must, it is conceived, be decisive of the first question here presented. (Ogden v. Slade, 1 Tex. R., 13 ; Smith v. Clopton, 4 Tex. R., 109.)
The question, however, has not perhaps been decided upon facts similar in every respect to the present, or considered in reference to the views now presented in argument. It is due to the very able and elaborate argument of the counsel for the appellant to consider the question in reference to the views presented by it.
The argument is based upon a construction of the 1st, 2d, and 3d sections of the act of 1840 regulating the- transfer, &c., of .negotiable and other instruments. (Hart. Dig., arts. 2520, 2521, 2522.) And it is insisted that the note described in the petition, being a promissory note, comes within the *81 class oí instruments enumerated in the 1st section oí the statute, but that as it does not contain the operative words of transfer, “order” or “bearer,” it could not be transferred by indorsement so as to give a right of action upon it in the name of the. indorsee ; and that being a promissory note, though not negotiable, it is not comprehended within tlie provision of the 3d section of t!ie act.
The argument is not without plausibility, but we do not think it sound.
The 1st section of (he act enumerates bills of exchange, promissory notes, Ac., “or other mercantile negotiable instrument.” And the 2d section provides that “ any person to whom any of the aforesaid instruments may have been assigned may thereupon maintain an action in his own name.” The words “or other negotiable instrument” employed in the 1st section explain or qualify the terms previously employed, and show clearly that none other than negotiable instruments were intended. These only are comprehended within the provisions of the 1st and 2d sections of the act. A promissory note not negotiable is not included. But if it were otherwise, and if, as insisted, a promissory note, though it contained no words of negotiability, is nevertheless a “negotiable instrument” within the provision anil meaning of the 1st and 2d sections, then by express provision of the 2d section the person to whom “ it may have been assigned may maintain an action thereon in his own name.”
But (lie 3d section provides that “any bond or other written instrument” may he transferred by assignment, and (he assignee “may maintain an action n his own name.” This language is sufficiently comprehensive to include, and was doubtless intended to include, every character of instruments not provided for in the preceding sections of the act.
In short the 1st and 2d sections were intended, we think, to comprehend all negotiable paper; and if the present comes within that category the assignee could by force of these sections of (he statute maintain the action in his own name. 'But the 3d section comprehends all written instruments not embraced in (lie 1st and 2d sections; and if the present be not so embraced it comes within the purview and provisions of the 3d section, and the assignee may well maintain the action in his own name under that section.
There is nothing in the objection that the words “assignee” and “assignment.” used as the operative or descriptive words of transfer in the 3d section, were intended to restrict the provisions of that section to any particular class of instruments. These words are, in the legal usage, employed in a great variety of significations, (1 Tom. L. Dic., 100 ;) and in the 2d section of this statute the. word assign is employed to denote the transfer of negotiable paper. IVe conclude that the action was well brought in the name of the indorsee of the note.
'flu; objection that the plaintiff was not the real owner of the note cannot be maintained. The case cannot be distinguished in principle from those cases heretofore decided by this court in which this objection was considered. (Thompson v. Cartwright, 1 Tex. R., 87; McMillan v. Croft, 2 Id., 397.) Here, as in those cases, the legal title to the note was in the plaintiff, and we there decided that the person having the legal title may maintain the action, although the equitable ownership may he in’another. The exceptions to the defendant’s special plea and the annexed interrogatories were therefore rightly sustained.
There was no necessity for proof by the plaintiff of the consideration for which the note was indorsed to him, and the instruction asked was therefore irrelevant, and was rightly refused.
The objection that the amended petition does not appear to have been marked “filed ” by the clerk would apply equally to the original petition. It is probably a clerical omission. But if not, the objection should have been taken below, where the facts could be ascertained and clerical mistakes *82 corrected. But it was not so taken. Tlie objection taken was that the petition did not appear to have been filed ‘-with the leave o£ tlie court.''’ This would seem to imply that it was in fact filed, but without leave of tlie court, and that objection, it seems, was not well founded in fact.
Note 23.—Butler v. Robertson, 11 T., 142; Claiborne v. Yoeman, 15 T., 44; Wimbish v. Holt, 20 T., 673; Rider v. Duval, 28 T., 622; Gregory v. Leigh, 33 T., 813; Moss v. Witcher, 35 T.. 388.
Note 24. — If the clerk omits to make fcbo proper indorsement on a paper which is filed it cannot prejudice the rights of the party; and he will be permitted, with the sanction of the court, to make the indorsement now for then. (Holman v. Chevallier, 14 T., 337; Turner v. The State, 41 T., 549.)
We do not think the objection now taken well founded. And we are of opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.