### T. H. TURNER ET AL. V. THE STATE.

1. BAIL BOND—DESCRIPTION OF OFFENSE.—In a bail bond the offense is sufficiently *named* if it be indicated by the definite name of the offense or by direct statement of the matters and things with which the defendant is charged.

2. A bail bond requiring that defendant appear to answer the charge that he had "cut and stabbed Lafayette Hightower, with intent to kill and murder him," sufficiently indicates the offense.

3. FAILING TO INDORSE FILE MARK ON BAIL BOND.—The omission of the district clerk to indorse the mark upon a bail bond duly returned to his office does not affect the liability of the obligors in the bond.

APPEAL from Titus.   Tried below before the Hon. M. L. Crawford.

This is an appeal from a final judgment against Turner and others, sureties of James Daffern, obligors in a bail

bond approved by a deputy sheriff, requiring Daffern "to answer the State of Texas on a charge against him by complaint before Rufus Mann, justice of the peace, wherein the said James Daffern is charged that on the 23d day of November, 1872, did in said county cut and stab Lafayette Hightower, with intent to kill and murder him, the said Hightower."

The bond was otherwise good. It was, however, not marked *filed* in the District Court.

To the judgment *nisi* the defendants answered:

(1,) The bond upon which the judgment was rendered was vague and uncertain; (2,) because it was not a filed paper; (3,) because it does not show upon its face that the sheriff had any authority to require a bond; (4,) it did not charge that any person had committed any offense; (5,) because there is no such offense known to the laws of Texas as to "cut" and "stab with intent to kill and murder."

The judgment *nisi* was made final, and the sureties appealed.

No brief for appellants.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The only objection to the bail bond upon which the judgment was taken which we deem it essential to notice is that "there is no such offense known to the laws of the State of Texas as to "cut" and "stab with intent to kill and murder." This objection is based, no doubt, upon the supposition that the bond is defective for want of the third of the essential requisites of a bail bond, as presented in the Code of Criminal Procedure, which is, "that the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State of Texas." (Pas. Dig., art. 2732.)

Unquestionably it would be sufficient, if the bond named

the offense with which the principal obligor was charged, if the offense so named is one against the laws of the State. But it would certainly be a much too technical construction, which would lead to the conclusion that it is an essential requisite of every bail bond that the offense or specific violation of law for which the party is held to answer must be called in the bond by some definite name.

The statute prescribing the requisites for a sufficient bail bond was framed for the purpose of securing matters of substance in such bonds rather than those of form. And it would certainly be to stick in the bark and to lose sight of the spirit and object of the law, to hold, if the bond disclose the essential requirements of a valid indictment by a statement of the matter or thing wherewith the defendant was charged, that it was insufficient because the name of the offense with which he was so charged was not also stated. If the charge against the accused is known, and can be designated by a distinctive name, it is sufficient to do this. But the bond is not invalid if more than this is done, and it can be told, not by a name by which the alleged offense is called in the bond, but by the positive and direct statement of the matters and things with which the defendant is charged, that he is held to answer for an offense against the laws of the State. If this is the fact it cannot be said, on an inspection of the bond, that it does not appear therefrom that the principal obligor is not charged with an offense. The name of such offense being judicially known to the court, it cannot be supposed that the failure of the ministerial officer, by whom such bonds are mostly taken to designate the offense by its distinctive name, can avoid it. Such an interpretation would unnecessarily embarrass the administration of the criminal law of the State and enable criminals to avoid its just penalties.

It is true, to "cut and stab with intent to kill and murder," is not the distinctive name of an offense. These words, however, were evidently not used in the bond as

the name of an offense, but to indicate or state the acts alleged to have been done by the principal obligor, for which he was held to answer. Its language cannot be tortured into any other construction. Its obvious meaning is that he shall appear at the time and place mentioned, to answer to a charge against him, made by complaint before a justice of the peace, that he had cut and stabbed Lafayette Hightower with ·intent to kill and murder him. If guilty of these acts, he has certainly committed an offense. And it cannot be denied that it appears from the bond that he is accused of an offense against the laws of the State.

The other objections to the bond do not suggest any matter or thing indicated in the statute as essential to its validity. If any of the matters referred to in them could be urged by appellees as defences in this action, it would be by answer setting up such facts, and not by way of exceptions to the bond.

The court recognized and treated the bond as properly returned by the officer who took it, and if the clerk failed to enter upon it the file endorsement, as was his duty, this does not affect the validity of the judgment of forfeiture based upon it. (Knight *v*. Holloman, 6 Tex., 153; Holman *v*. Chevaillier, 14 Tex., 337.)

There being no error in the judgment, it is affirmed.

AFFIRMED.