Opinion by
White, P. J.
§ 54-8. Appeal from justice’s to county court; justice’s transcript may be considered in determining validity of appeal bond. Voss recovered a judgment against appellant in justice’s court, from which appellant appealed to the county court. It appears from the justice’s transcript that two appeal bonds had been tendered by appellant to the justice, the first of which said justice refused to approve. The second bond was approved by the justice, and sent up with the papers in the case as part of the record to the county court, but had not been marked filed by said justice, nor was his approval indorsed upon it, but his transcript showed that said bond had been approved by him. In the county court Voss moved to *492 quash this bond and dismiss the appeal. Appellant moved to allow the justice to approve and file the bond nunc pro tunc. The latter motion was refused, and the former was sustained, the bond quashed, and judgment rendered against appellant and its sureties upon said bond for the costs. Held: It is a rule now well settled, that, in determining the question of jurisdiction on appeal from justice’s to county court, it is proper to look to the entire record and transcript of the justice. [W. & W. Con. Rep. § 408.] Looking to the justice’s transcript in this case, it shows that the appeal bond which was quashed was approved by him. This was equivalent to an indorsement of approval upon the bond itself.
§ 549. Same; when bond is neither approved nor filed, it is invalid. Had the bond been neither approved nor filed, but appeared in the record without any evidence or presumption of its verity or authenticity, its embodiment in the record would have been unauthorized, imparting to it no force or validity, and it would not have been entitled to consideration. [McLane v. Russell, 29 Tex. 127.]
§ 550. Same; approval presumed, when. If the bond had been filed by the justice, a formal approval would have been unnecessary, or would have been presumed from the filing and the return of it to the proper court. [Dyches v. State, 24 Tex. 266; Doughty v. State, 33 Tex. 1; Cundiff v. State, 38 Tex. 641; Taylor v. State, 16 Tex. App. 514; W. & W. Con. Rep. § 563.]
§ 551. Same; filing presumed from approval. If the bond be properly approved, the filing of it will be presumed. It is only where there is neither filing nor approval that the bond will be held invalid. [McLane v. Russell, 29 Tex. 128.]
| 552. Same; omission of file mark does not affect validity of. The failure to place a file mark on the bond did not affect its validity, nor prejudice the rights of the appellant. [Knight v. Holliman, 6 Tex. 153; Holman v. Chevallier, 14 Tex. 337; Turner v. State, 41 Tex. 549.]
*493 February 28, 1885.
§ 553. Same; may be approved arid filed nunc pro tuno. Appellant was entitled to have the justice approve and file the bond nunc pro tunc, and it was error to refuse his motion asking that this be done. [Slocumb v. State, 11 Tex. 15; Holman v. Chevallier, 14 Tex. 337.]
Reversed and remanded.