L. B. COLLINS ET AL. v. PANHANDLE NATIONAL BANK.

No. 6077.

1. **Promissory Note—Endorsements.**—The payee of a promissory note who sues thereon in his own name, alleging himself to be the legal owner, is entitled to recover, being in possession of it, though he may have erased his own and subsequent endorsements made thereon.

2. **Practice.**—The Supreme Court will not revise the action of a District Court in admitting or rejecting evidence unless such action be excepted to at the time.

APPEAL from Wichita. Tried below before Hon. B. F. Williams. The opinion states the case.

*W. W. Flood,* for appellants.—1. The proof must correspond with the allegations in the petition, and the judgment must conform to the pleadings and the nature of the case proved. Mims v. Mitchell, 1 Texas, 443, and authorities there cited.

2. The possession of a promissory note can be restricted for a particular purpose, as for collection, and when so restricted in the hands of one to whom it has been so assigned, is not evidence of ownership, and will not support a judgment under such allegation in favor of such party.

Story on Prom. Notes, secs. 141, 146; Ross v. Smith, 19 Texas, 171, 172; Merrill v. Smith, 22 Texas, 53; Merlin v. Manning, 2 Texas, 351, 352; Texas Land and Cattle Co. v. Carroll & Iler, 63 Texas, 48, 49.

*N. Henderson* and *Robert E. Huff*, for appellee.—In action brought upon a promissory note, when petition sets out the note and alleges that plaintiff is the legal owner and holder of said note and that the same is due and unpaid, if there is no denial under oath of the execution of said note, said note is admissible in evidence unless the variance is such as to mislead or surprise the adverse party, even if former endorsements have been stricken out and a judgment rendered upon said note, together with full proof of all other material allegations in said petition, is not erroneous.    McClelland v. Smith, 3 Texas, 210; Wiebusch & Patterson v. Taylor, 64 Texas, 53; Washington v. First National Bank, 64 Texas, 4; Spencer v. McCarty, 46 Texas, 213; Texas Land and Cattle Co. v. Carroll & Iler, 63 Texas, 48.

COLLARD, JUDGE.—This suit was brought by the appellee the Panhandle National Bank against the appellants C. B. Collins and C. E. Odem on a promissory note for $3090, interest, and attorney fees, as stipulated in the note executed by appellants to appellee, or order, June the 29th, 1885, and due August 29, 1885.    The note was endorsed by John G. James, president of the bank, to the Louisville Banking Company, or order, and payment guaranteed at the office of the endorsee in Louisville, Kentucky.    It was also endorsed by the Louisville Banking Company to John G. James, president, cashier, or order, for collection for account of the Louisville Banking Company.    These endorsements were erased by stroke of a pen run through them.    The note was protested for non-payment at Wichita Falls, in Wichita County, on the 31st day of August, 1885, at the request of A. S. James, cashier of the Panhandle National Bank, and notices of protest given to the makers and the Louisville Banking Company.

Plaintiff, among other necessary allegations, alleged that it was the legal owner and holder of the note.

On the trial when plaintiff offered the note in evidence it was objected to by defendants, because there was a variance between it and the allegations of the petition.    No exception was reserved to the ruling admitting the note in evidence.

It is insisted by appellants that the endorsements on the note, though erased, showed that plaintiff was not the legal owner and holder of the note, and therefore there was a variance in the allegations and proof, and that no judgment could, under the proof, be rendered for plaintiff.

The Supreme Court will not revise the action of the trial court in admitting or excluding evidence unless excepted to at the time.    We can

not therefore consider the question as to the admissibility of the note., It must follow, then, that the note having been admitted with the endorsements erased, and it being in possession of the payee, the plaintiff, no legal objection could be urged against plaintiff's right to judgment. No variance between the allegations and the proof appears. In this view of the case neither of the assignments of error are well taken. If, however, we were called on to consider the assignments of error we would be compelled to decide against them. Plaintiff was the original payee of the note and in possession. The rule is, that when the payee of a note makes a special endorsement of it, and is afterwards found in possession of it, he has the right to strike out his own and other subsequent endorsements and bring suit in his own name. Texas L. & C. Co. v. Carroll, 63 Texas, 52, 53; Dan. on Neg. Inst., sec. 1198.

The endorsements on the note were stricken out, as plaintiff had the right to do, being in possession; plaintiff could then sue as the legal owner and holder.

There was no error in the rulings of the court, and the judgment ought to be affirmed.

*Affirmed.*

Adopted May 21, 1889.