## ALLISON, BAILEY & CO. v. PHŒNIX INSURANCE COMPANY.

### No. 261.

Subrogation.

A firm dissolved, one member taking the firm property and assuming the indebtedness. In accordance with an agreement the property was insured in the name of the firm for the benefit of the principal creditor, the purchaser obtaining the policy and paying the premium. The property was destroyed by fire. The purchasing party paid the firm debt, as security for which the policy had been obtained. He also proved up the loss. Payment being refused, suit on the policy was brought in the firm name. *Held:*

1. That upon payment of the firm debt the purchaser was subrogated to the rights of the firm in the policy ........... ....................... 595

2. The payment did not discharge the policy of insurance............. 595

3. The firm could maintain an action on the policy, being the legal owners thereof ..................................................... 596

4. The recovery, however, would be for the benefit of him paying the the debt ......................................................... 596

ERROR to Court of Civil Appeals for Third District, in a case appealed from Williamson County.

The opinion contains a statement.

*J. W. Parker,* for plaintiffs in error.—1. The destruction of the property by fire immediately vested in Allison, Bailey & Co.—which it clearly appears was a collective term used to designate appellees—a right to the insurance thereon under the policy, and this right could not be defeated by the subsequent payment by Allison of the mortgage debt. King v. Ins. Co., 7 Cush. (Mass.), 1; Trust Co. v. Boardman, 149 Mass., 161; 2 Wood on Fire Ins., sec. 1072.

2. Conceding, however, that the payment of the insurance premium by S. N. Allison, and the payment by him of the mortgage debt after the happening of the loss, subrogated him to the interest of appellees in the insurance, his right thereto was purely equitable, and the legal right to the insurance being in appellees, because the policy was drawn in their favor, they could recover thereon. Railway v. Gentry, 69 Texas, 631; Rider v. Duval, 28 Texas, 624; Wimbish v. Holt, 26 Texas, 675.

3. As the legal title to the insurance was in appellees, if it be true, as held by the Court of Civil Appeals, that S. N. Allison was subrogated to their right by reason of paying the premium and mortgage debt, then it should be held, that the recovery of appellees in the District Court on their apparent legal right to the insurance should inure to the benefit of S. N. Allison, and the suit treated as for his use, and the judgment reversed and rendered to that effect.

*Leake, Shepard & Miller,* for defendant in error.—Prior to the issuance of the policy herein, Allison, Bailey & Co. sold to S. N. Allison,

a member of said company, the buildings and machinery claimed to be insured by said policy, and placed him in possession thereof. The consideration for said sale was the agreement and promise of S. N. Allison to pay off and discharge two notes made by the said Allison, Bailey & Co., secured by chattel mortgage given by them at the same time on said machinery. In the sale to S. N. Allison, it was verbally agreed between him and the other members of said company, that they should have a lien on said machinery and buildings until said two notes were paid by him.

The evidence upon which plaintiffs base their right to a recovery herein shows, that the policy was issued to insure and protect plaintiffs' lien on said buildings and machinery against loss by fire, in case the said S. N. Allison should fail to pay said notes, and these plaintiffs should be forced to pay them.

The evidence shows, that the plaintiffs did not pay said notes, or any part of either of them, but that S. N. Allison himself, after the loss of said property by fire, paid off and discharged said notes. Foster v. Van Reed, 70 N. Y., 24; Flanders on Ins., 400; Angell on Ins., 59; Honore v. Ins. Co., 51 Ill., 409; Ins. Co. v. Woodbury, 2 Dutch. (N. J.), 541; Ins. Co. v. Tyler, 16 Wend., 385; Ins. Co. v. Ins. Co., 55 N. Y., 359; Ins. Co. v. Boomer, 52 Ill., 442; Dick v. Ins. Co., 10 Mo. App., 384; 10 Law Jour., 468; Roberts v. Ins. Co., 17 Wend., 631; 2 May on Ins., 3 ed., sec. 457c; Ins. Co. v. Bank, 85 Va., 101.

BROWN, ASSOCIATE JUSTICE.—For the purpose of deciding the question presented, the following is a sufficient statement of the case:

The plaintiffs in error and S. N. Allison constituted a copartnership for the purpose of carrying on a gin business, under the firm name of Allison, Bailey & Co. The firm bought machinery from the Keating Implement Company of Dallas to the amount of $2900, and executed two firm notes, each for $1450, payable, one due December 1, 1888, and the other December 1, 1889. The machinery was placed in a house owned by the firm, situated on land belonging to and the homestead of S. N. Allison. The two notes to the Keating Implement Company were secured by a chattel mortgage upon the machinery. After the notes were given, S. N. Allison purchased the machinery and the house from the other members of the firm, and agreed to pay the debts of the firm, including the Keating Implement Company debt. By agreement at the time of the sale of the machinery, the plaintiffs were to have a lien upon the machinery and building to secure their liability on the Keating Implement Company debt, and it was agreed that the property should be insured for the purpose of securing that debt.

S. N. Allison procured the defendant in error to issue a policy for $1500 on the machinery and buildings, payable to Allison, Bailey &

Co., explaining the condition of the property to the agent. S. N. Allison paid the premium.

The property insured was destroyed by fire, and notice given and proof of loss forwarded in due time. After the destruction of the property, S. N. Allison paid the debt to the Keating Implement Company, to secure which the policy was procured. The assurance company refused to pay the policy, and suit was instituted in the District Court in the names of the assured, Allison, Bailey & Co., and judgment was rendered for the plaintiffs below. The Court of Civil Appeals reversed the judgment of the District Court, and rendered judgment for the defendant.

The defendant in error, appellant in the Court of Civil Appeals, presented a number of assignments, all of which except one involved questions of fact, upon which there was a conflict in the evidence, and we therefore can not examine them.

The defendant in error presents, by its first assignment of error in the Court of Civil Appeals, the proposition of law, that the payment of the debt due from Allison, Bailey & Co. to the Keating Implement Company after the fire, discharged the assurance company from liability on the policy. The proposition seems to be based upon the conclusion, drawn from the evidence by the counsel, that the policy was procured by Allison, Bailey & Co. for their own benefit; but the conclusions of the Court of Civil Appeals do not sustain this proposition of fact, and the law as asserted by defendant in error is not applicable to the facts of this case.

Under the facts found by the Court of Civil Appeals, when S. N. Allison paid the debt due the Keating Implement Company he was subrogated to the rights of Allison, Bailey & Co. in the policy of insurance. The payment did not discharge the insurer from liability on the policy of insurance. Sheldon on Subrog., sec. 235.

The Court of Civil Appeals correctly held that S. N. Allison was subrogated to the rights of Allison, Bailey & Co., and the person beneficially interested in the policy of insurance, but erroneously concluded that for that reason Allison, Bailey & Co. could not maintain a suit upon the policy.

The right to the proceeds of the policy as between S. N. Allison and Allison, Bailey & Co. is not in issue in this case. The defendant did not claim that it had any defense against the policy as against S. N. Allison that could not be made available in this suit, and in fact if it had any interest in the disposition of the fund it could have asked that S. N. Allison be made a party to the suit; but no such claim was made.

It is a general rule applicable to all written contracts, that he who has the legal title may maintain an action upon it, notwithstanding another may have the equitable right to the proceeds of it when col-

lected.    Thompson v. Cartright, 1 Texas, 87; McMillan v. Croft, 2 Texas, 397; Knight v. Holloman, 6 Texas, 153; Wimbish v. Holt, 26 Texas, 674; Collins v. Bank, 75 Texas, 254.

This court has applied this rule to actions upon policies of life insurance.    Ins. Co. v. Williams, 79 Texas, 633; Cheeves v. Anders, decided at the present term (ante, p. 287).    There is no difference between the rights of the legal holder of this character of contract and any other to sue upon it; there can be no difference between the payee in a policy of this kind and a contract of life insurance.    In Insurance Company v. Williams, the court, in passing upon a similar question, said:    "The question thus raised is not one of ultimate right to the money to be recovered, but of right of appellee to maintain the action; and it has been held in many cases under policies like that involved in this case, that the person named by the assured and insurer in the policy as the person to whom the sum secured by the policy shall be paid may maintain an action on the policy without reference to the interest of such person in the life of the assured."    In the same case the court, quoting from Insurance Company v. Baum, 29 Indiana, 240, said:    "It is not for the insurance company, after executing such a contract and agreeing to the appointment so made, to question the right of such appointee to maintain the action.    If there should be a controversy as to distribution among the heirs of the deceased of the sum so contracted to be paid, it does not concern the insurer.    The appellant contracted with the insured to pay the money to the appellee, and upon such payment being made it will be discharged from all responsibility."

In this case the insurance company contracted with S. N. Allison to pay the money in case of loss to Allison, Bailey & Co.    It has not paid to any one, and while S. N. Allison might intervene and claim the proceeds, yet it does not concern the defendant what disposition is made of the proceeds, unless it had some equitable claim against S. N. Allison to be offset, or some defense that it could not make in this action, which could not be the case under the facts presented.    S. N. Allison acted for Allison, Bailey & Co. as well as for himself in procuring the policy, and defendant presented as a defense in this suit the alleged fraud of S. N. Allison, which is the only right claimed against him.    It has been denied no right.

The Court of Civil Appeals erred in reversing and rendering the judgment, and it is ordered that the judgment of the Court of Civil Appeals be reversed, and the judgment of the District Court is affirmed.

*Judgment of the District Court affirmed.*

Delivered March 18, 1895.