## W. M. SPARKS ET AL. v. C. P. COATS ET AL.

### Decided January 17, 1900.

**Parties—Written Instrument—Legal Title.**

The payee of a promissory note can recover thereon from the maker, in spite of pleading and proof by the latter that another was the owner of the consideration for which it was given, and entitled to its proceeds.

APPEAL from the County Court of Nacogdoches. Tried below before Hon. V. E. MIDDLEBROOK.

*Ingraham, Ratcliff & Huston,* for appellants.

No briefs for appellees were on file.

KEY, ASSOCIATE JUSTICE.—Appellant Sparks sued appellees Coats, Sutphen, and Buchannan on a promissory note executed by them and

payable to Sparks. Coats and Sutphen did not answer, and judgment by default was rendered against them. Buchannan filed an answer consisting of a general demurrer, general denial, and several special pleas. One of the special pleas was that Mrs. Minnie Mayo was the beneficiary of the note sued on, it having been given for money belonging to her and loaned by Sparks to the defendant Coats.

Minnie Mayo and her husband B. F. Mayo intervened, making themselves parties plaintiff, and adopted the pleadings of the plaintiff Sparks, and prayed for the court to render judgment for Sparks and themselves for the amount of the note.

After hearing all the testimony, the court sustained Buchannan's alleged plea in abatement, in which it was averred that the note was given for money belonging to Mrs. Mayo; and therefore Sparks was not entitled to maintain the action. No evidence was offered tending to establish the defenses pleaded by Buchannan, except the averment in reference to Mrs. Mayo being the beneficial owner of the note. On the other hand, the plaintiffs sumitted testimony showing that the other defenses interposed were not in fact true.

The testimony shows that while Mrs. Mayo was a minor, her guardian, now deceased, turned over to the plaintiff Sparks a sum of money belonging to her; that Sparks loaned this money or some of it to the defendant Coats, in consideration of which the note in question was executed, signed by all three of the defendants and made payable to the order of Sparks.

In this condition of the record, it is clear that the trial court erred in sustaining the plea in abatement and refusing to render judgment against Buchannan for the amount of the note. Even if Mrs. Mayo, the beneficial owner, had not made herself a party to the suit, the ruling of the court would have been wrong, because Sparks, having the legal title of the note, could maintain an action upon it. Allison v. Insurance Co., 87 Texas, 595, 596, and cases there cited. The case appears to have been fully developed, and no reason is apparent for sending it back for another trial.

Therefore, as between the plaintiffs and Buchannan, the judgment of the County Court will be set aside and judgment here rendered for the plaintiffs, W. M. Sparks, B. F. and Minnie Mayo, against the defendant, J. R. Buchannan for the amount of the note with interest, and for the costs of this appeal. In all other respects the judgment is affirmed. ·

*Reversed and rendered.*