**NEYLAND v. LANIER et al.    (No. 248.)**

'(Court of Civil Appeals of Texas.    Waco.
June 4, 1925.    Rehearing Denied
June 25, 1925.)

1. **Bills and notes** ☞48, 52—**comakers of notes, signing as sureties, primarily. liable; comakers discharged only by discharge of notes.**

Comakers' of notes, although signing as sureties, were primarily liable to owner and holder of notes, and could be discharged from liability only by notes themselves being discharged under Uniform Negotiable. Instruments Act, § 119 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—119).

2. **Principal and surety** ☞17—**Failure to give notice of conditions before signing makes signers liable as makers.**

Where sureties signed notes without reference to necessity of other parties signing, nor gave notice to payee that they had signed with understanding that notes would not be delivered without additional signers, each became primarily liable as maker, payee having become holder in due course for value under Uniform Negotiable Instruments Act, §§ 16, 52, 60 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—16, 6001—52, 6001—50).

3. **Bills and notes** ☞139(1)—**Partial payment of note already due insufficient to constitute an extension of time for payment..**

Partial payment on a note already due is not a sufficient consideration to constitute an extension of time of payment.

4. **Bills and notes** ☞140—**Comakers not released by sureties by extension of time for payment to principal signer.**

Comakers were not released as sureties on notes from liability, although extension of time of payment had been granted principal signer, since they were primarily liable under Uniform Negotiable Instruments Act, §§ 29, 60, 192 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—29, 6001—60, 6001—192).

5. **Principal and surety** ☞126(3)—**Notice by surety to payee to file suit held insufficient.**

That surety of note sent word to payee by his son that he wanted him to file suit of notes *held* insufficient notice to require suit to be filed in view of Rev. St. art. 6329.

6. **Bills and notes** ☞443(1)—**Legal owner and holder of bearer's notes held entitled to maintain suit.**

Holder, although his son had furnished part of loan constituting consideration for note payable to bearer, *held* entitled to maintain suit in his own name thereon, as legal owner and holder, in view of Negotiable Instruments Act, § 51 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—51).

Appeal from District Court, Leon County; J. L. Manry, Judge.

Action by J. L. Neyland against G. T. Lanier and others.  From a judgment against de-

fendant W. E. Flynn alone, plaintiff appeals. Affirmed in part, reversed in part, and rendered.

Roger F. Robinson, of Jewett, and S. W. Dean, of Navasota, for appellant.

Bennett & Swanger, of Normangee, and Wm. Watson and Joe H. Seale, both of Centerville, for appellees.

BARCUS, J.   This suit was instituted by appellant against W. E. Flynn, G. T. Lanier, A. H. Seale. and L. J. Downs, on two notes, one for $3,000, and the other for $700, dated October 18, 1921, payable to bearer, due four months' after date, and bearing 10 per cent. interest from date, and providing for 10 per cent. attorney's fees. Appellant alleged that he was the owner and holder of said notes.  W. E. Flynn made no answer, and the court found that there was $4,825 principal and interest due on the notes, on which sum Flynn had paid $90, and rendered judgment against him for the balance of the principal and interest, $4,735, with 10 per cent. interest on said sum from date of judgment, November 5, 1924, and for the further sum of $482 attorney's fees, with 6 per cent. interest thereon from said date, from which there is no appeal.

Appellees admitted the execution' of the notes, but alleged they were only sureties, and contended they were released from 'payment thereof, because, at the time they signed same, it was agreed and understood that the notes were not to be delivered to, or accepted by, appellant, unless they were also signed by Hunter Carrington and James Henson; and because after the maturity of the notes appellant had, without their consent, extended the time of payment of the notes; and because they had requested and demanded appellee to file suit on the notes in June, 1922, and that he failed and refused to file suit until February, 1923; and as a further defense against the $700 note, they contended appellant could not recover thereon, because as a matter of fact the note belonged to appellant's son De Witt Neyland.  The cause was tried to the court, and the court rendered judgment holding that appellant was not entitled to any judgment against appellees.  The trial court filed no findings of fact or conclusions of law.  There is a statement of facts with the record.

[1] Appellant contends that the judgment of the trial court is erroneous, and that, under the facts in this cause, the trial court should have rendered judgment in his favor for the same amount for which it rendered judgment against W. E. Flynn.  We sustain this contention.  Under the Uniform Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197) appellees, having signed the notes as comakers, were primarily liable to appellant for the

payment thereof, although as between appellees and Flynn they were only sureties for Flynn, and they could only be discharged from liability by the notes themselves being discharged, as provided by section 119 of said act.

[2] Appellees' contention that, when they signed the notes, it was with the understanding and agreement that they were not to be delivered to or accepted by appellant, unless signed by Hunter Carrington and James Henson, is not supported by the testimony. Each of the parties testified that he signed the notes, and that nothing was said by either of them to appellant with reference to other parties signing same, and no notice was given to appellant in any way that either of the parties had signed said notes with the understanding that they would not be delivered without additional signers. Under sections 16, 52, and 60 of the above act, appellant became the holder of the notes in due course for value, and each of the parties became liable thereon as the maker.

[3, 4] Appellees' contention, that they were discharged by reason of an extension of the payment of the notes by appellant, is untenable. The only evidence with reference to an extension of the payment of the notes was by Flynn, who testified that, after the notes became due, appellant agreed with him that if he (Flynn) would pay $30 every two weeks, or every 30 days, he was not sure which, that the notes could run along without being paid in full; and Flynn further testified that he did, under said agreement, make three payments of $30 each. Under the old law, this was not a sufficient consideration for an extension of the time of payment. At the time the alleged agreement was made, the notes were past due, and the $30 per month payment would not pay the interest, much less reduce the principal, and there was no definite time to which the payment of the notes was extended, and no sufficient consideration for appellant having made the agreement. A partial payment on a note already due is not a sufficient consideration to constitute an extension of time of payment. Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Dickson v. Kilgore State Bank (Tex. Com. App.) 257 S. W. 867; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 434; Davidson v. McKinley (Tex. Civ. App.) 152 S. W. 1142. Appellees being, under sections 29, 60, and 192 of the Uniform Negotiable Instruments Act, primarily liable on the notes, would not be discharged from liability, if appellant had extended the time of payment. 8 C. J. 276; Wolstenholme v. Smith, 34 Utah, 300, 97 P. 329; Union Trust Co. v. McGinty, 212 Mass. 205, 98 N. E. 679, Ann. Cas. 1913C, 525; Vanderford v. F. & M. Nat. Bank, 105 Md. 164, 66 A. 47, 10 L. R. A. (N. S.) 129; 3 R. C. L. 1120.

[5] There is no merit in appellee's contention, that they are released as accommodation signers or sureties on the notes sued on because of appellant's failure to file suit after appellees had requested same to be filed. None of the sureties, in writing, as provided by article 6329, Revised Statutes, requested appellant to file suit. Lanier was the only one of appellees who claims to have asked appellant to sue, and the only thing he did was, some time during the summer of 1922, he sent word to appellant by appellant's boy that he wanted appellant to file suit on the notes. We do not think this was a sufficient compliance with article 6329, Revised Statutes, to require suit to be filed.

[6] Appellees' contention that appellant could not recover on the $700 note, because he did not own same, is without merit. The facts with reference thereto, as shown by the record, are that appellant was both the owner and holder of the $3,000 note, and that both it and the $700 note were payable to bearer; that at the time the money was loaned to Flynn, $300 of the $700 belonged to appellant and $400 to his son, De Witt, who was present in court and testified at the trial. The fact, that appellant did not own the entire equitable interest in the note, did not prevent his maintaining a suit thereon as the legal owner and holder thereof. Section 51 of the Uniform Negotiable Instruments Act provides specifically that the holder of a note may maintain suit in his own name. It has been the holding of our Supreme Court from its earliest decisions that the person, who appears to be the legal holder of a promissory note, may maintain an action upon it in his own name, although the actual ownership is in another. Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95; Butler v. Robertson, 11 Tex. 142; Barnett v. Logue, 29 Tex. 282; Rodgers v. Bass, 46 Tex. 505; Andrews v. Hoxie, 5 Tex. 171; De Cordova v. Atchison, 13 Tex. 372; Allison v. Phœnix Assurance Co., 87 Tex. 593, 30 S. W. 547.

Under the facts in this cause, the trial court should have rendered judgment against the appellees for the same amount that it rendered judgment against Flynn. The judgment of the trial court, in so far as it affects W. E. Flynn, is affirmed, and judgment in favor of appellees G. T. Lanier, A. H. Seale, and L. J. Downs is here reversed, and judgment rendered that appellant J. L. Neyland recover of and from W. E. Flynn, G. T. Lanier, A. H. Seale, and L. J. Downs the sum of $4,735, being the unpaid principal and interest on the notes sued on, with 10 per cent. interest on said amount from November 5, 1924, and the further sum of $482 attorney's fees, with 6 per cent. interest thereon from November 5, 1924, and costs of court.