## NICKELS v. GILMORE.   (No. 9926.)

Court of Civil Appeals of Texas.   Dallas.
March 26, 1927.

Rehearing Denied.   April 23, 1927.

1. **Bills and notes ⬮489(7)—Petition describing notes as payable to order of I. L. G. held not at fatal variance with proof that they were payable to order of I. L. G., Mgr. Neverchoke the Republic National Bank.**

In suit on notes, petition describing notes in suit as payable to the order of I. L. G. *held* not at fatal variance with proof that the notes were payable to the order of I. L. G., Mgr. Neverchoke the Republic National Bank of D.; the words "Manager Neverchoke" being merely descriptive of the person, the words "Republic National Bank of D." merely indicating the place of payment, and the difference appearing not to mislead or surprise defendant, in view of his pleadings.

2. **Pleading ⬮398—Difference between pleadings and proof must mislead or surprise, to constitute "variance."**

For pleadings and proof to be at "variance," the difference between them must be such as to mislead or surprise the other party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Variance.]

3. **Bills and notes ⬮443(2)—In absence of showing that maker had defense against equitable owner of notes or debt, payee was entitled to recover against maker.**

Payee was entitled to recover on notes against the maker though others owned equitable interests in the notes or debt, in absence of a showing that the maker had a defense against an equitable owner.

4. **Judgment ⬮691—Judgment on notes in favor of payee against maker bars suit by equitable owner of notes or debt.**

Where payee secures judgment on notes against maker, such judgment is a complete bar to another suit by an equitable owner of the notes or debt.

Error from Dallas County Court; W. M. Cramer, Judge.

Action by I. L. Gilmore against J. A. Nickels. To review a judgment in favor of plaintiff, defendant brings error. Affirmed.

Bailey & Bailey, of Dallas, for plaintiff in error.

Turner & Rodgers and C. R. Winn, all of Dallas, for defendant in error.

LOONEY, J.   I. L. Gilmore recovered judgment in the court below against J. A. Nickels on the last two of a series of nine notes for $250 each, executed by the defendant, from which this appeal by writ of error is prosecuted.

[1] 1. By appropriate assignments and propositions, plaintiff in error contends that there was and is a material and fatal variance between the allegations and proof, in this, that the petition described the notes as payable "to the order of I. L. Gilmore," whereas the notes offered in evidence were payable "to the order of I. L. Gilmore, Mgr. Neverchoke the Republic National Bank of Dallas, Texas."

The variance complained of could not, in our opinion, have either misled or surprised plaintiff in error, for this, it clearly appeared from his pleadings that the notes were executed in part payment for certain gin machinery, the facts with reference to which were alleged in rather extended detail, showing a perfect familiarity with the transactions out of which the notes grew and with the notes themselves.

[2] In the rather recent case of Fowler v. Land, 248 S. W. 314 (approved by the Supreme Court), the Commission of Appeals, in unison with prior holdings of our appellate courts on the subject of variance, said:

"Besides, to constitute a variance the difference between pleadings and proof must be such as to mislead or surprise; and the evidence in the case clearly shows that defendant in error was neither deceived nor surprised by the alleged variance."

To the same effect are Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583, Jones v. Davis Motor Car Co. (Tex. Civ. App.) 224 S. W. 701, and Jaco v. Nash (Tex. Civ. App.) 269 S. W. 1089, 1092.

The language "Mgr. Neverchoke" written after the name I. L. Gilmore, is merely a description of the person. However, there does arise from the disconnected language, to wit, "The Republic National Bank of Dallas, Texas," written after the name of the payee, an apparent ambiguity, but this, in our opinion, readily vanishes. Nowhere in the pleadings or evidence is there an intimation that the Republic National Bank had any interest in the notes, or was connected in any way with the execution of the notes or the transactions out of which they arose. We are of the opinion, therefore, that the bank was mentioned simply as the place of payment, and that the notes should be read as if written payable to I. L. Gilmore, Mgr. Neverchoke at the Republic National Bank of Dallas, Tex. We therefore overrule this contention of plaintiff in error.

[3] 2. Plaintiff in error makes the further contention that the judgment is without support in the evidence in this, that the undisputed evidence showed that the notes and debt sued upon were and are owned, at least in substantial part, by persons other than I. L. Gilmore.

The evidence showed that at the time the notes were executed I. L. Gilmore was manager of the Neverchoke Company, owned 80 per cent. of the stock of the trust company,

and that the remainder, 20 per cent., was owned by other persons.

[4] As the notes were payable to Gilmore, he was entitled to recover, in the absence of any defense shown to exist between plaintiff in error and an equitable owner. In this situation, it was immaterial that others owned equitable interests in the notes or debt, as the judgment rendered on the notes will be a complete bar to another suit by any such equitable owner.

This doctrine was very clearly announced by our Supreme Court in the early case of Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95, uniformly adhered to since. The court said:

"The true and real owner of the note sued on, in the case under consideration, could not have been a material inquiry. The note itself showed the right of the plaintiff to sue at law; and the inquiry whether there was an equitable owner, aside from or behind the legal ownership, was not essential to the rights of the defendant, unless there was matter of defense growing up between him and such equitable owner. The judgment against him would be a complete bar to another action, on the same note. The inquiry, who was the real owner, could only have been a matter of idle curiosity." McMillan v. Croft, 2 Tex. 397; Fowler v. Willis 4 Tex. 48; Zachary v. Gregory, 32 Tex. 452; Brown v. Chenoworth, 51 Tex. 469, 476, 477; Allison, etc. v. Phœnix Ins. Co., 87 Tex. 593, 596, 30 S. W. 547.

We therefore overrule this contention, and, finding no error, the judgment of the trial court is affirmed.

Affirmed.