RUSSELL v. PEOPLE'S NAT. BANK OF BELTON et al. (No. 7161.)

Court of Civil Appeals of Texas. Austin. Jan. 18, 1928.

Rehearing Denied Feb. 28, 1928.

1. Limitation of actions ⬪⇒124—Suit on negotiable instrument in name of payee or indorsee tolls statute of limitations in favor of owner intervening thereafter.

Suit on negotiable instrument brought in name of payee or indorsee thereof tolls statute of limitations in favor of true owner of instrument, though he does not intervene or become party to record until after recovery would be barred but for such suit; his intervention not constituting a new cause of action.

2. Bills and notes ⬪⇒443(2, 3)—One having legal title to note as payee or indorsee may sue in own name, though another has equitable ownership.

One having legal title to negotiable note, either as payee or indorsee, may maintain action thereon in his own name, though another has equitable or beneficial ownership.

3. Parties ⬪⇒48—Plaintiff's concession that intervener owned note in suit, and request for judgment in his favor, authorized recovery in his name.

Concession of plaintiff that intervener claiming right to recover on note in suit was in fact owner thereof, and request of plaintiff that judgment be rendered in intervener's favor, was in effect a declaration of trust and assignment to intervener and authorized recovery on note in his name.

4. Appeal and error ⬪⇒877(7)—Whether plaintiff or intervener owned note held immaterial to defendant, and judgment for intervener not injurious, where plaintiff conceded intervener's ownership.

Whether plaintiff suing on note or intervener claiming right to recover thereon, had title thereto *held* immaterial to defendant, and judgment for intervener was not injurious to him, where plaintiff conceded intervener's ownership and requested that judgment be rendered in his favor and defenses available to defendant as against plaintiff were allowed.

5. Limitation of actions ⬪⇒167(1)—Suit may be maintained on collateral, though main debt is barred by limitations.

It is general rule that suit may be maintained on collateral security not itself barred by limitations, even though main debt is barred by limitations.

6. Limitation of actions ⬪⇒167(2)—Where debtor gave own notes secured by trust deed as collateral, suit thereon might be maintained after debt secured was barred by limitations.

Where debtor gave his own notes secured by trust deed liens as collateral security for his account with bank, suit on such notes might be maintained after suit on account was barred by statute of limitations.

7. Limitation of actions ⬪⇒167(2)—Where debtor gave own notes secured by trust deed as collateral, recovery thereon after main debt was barred by limitations might not exceed main debt.

Where debtor gave his own notes secured by trust deeds to land as collateral to secure his account with bank, recovery on such notes after main debt was barred by limitations might not exceed amount of main debt.

Appeal from District Court, Bell County; Lewis N. Jones, Judge.

Consolidated suits by the People's National Bank of Belton against B. V. Russell, in one of which one Yarrell intervened. From a judgment upon a directed verdict in favor of intervener, defendant appeals. Affirmed.

A. L. Curtis, of Belton, and Jno. W. Brady, of Austin, for appellant.

Jas. B. Hubbard, of Belton, for appellees.

McCLENDON, C. J. Appellee bank brought two suits against appellant, Russell, each upon a negotiable promissory note and trust

deed upon real estate securing it. In the first suit the note was for $12,500, dated August 9, 1920, due August 9, 1921; in the second for $20,000, dated November 20, 1920, due November 20, 1921. The suits were brought in 1925 before either note was barred by limitation. September 5, 1925, appellee Yarrell intervened in the first suit, asserting ownership of the $12,500 note. The cases were consolidated by agreement, and thereafter the bank filed an amended petition containing two counts. In the first it set up the two notes and trust deeds, alleging that Yarrell was the real owner of both notes, and asking that judgment thereon be rendered in his favor. In the second, in the alternative, it was alleged that the notes were given as collateral security for a cotton account which Russell owed the bank, the unpaid balance of which was stated; and the prayer was for judgment on the account, in case it were held that recovery could not be had on the notes. The facts, in brief, were that prior to and during 1920 Russell was buying cotton and the bank was advancing the money for his purchases, holding as security therefor cotton tickets until the cotton was sold. The cotton market declined and the two notes and trust deeds were executed upon their respective dates as security for the account. The latter was closed some time in 1921, and thereafter various credits representing the proceeds of other collateral were applied to it. Some time prior to the maturity of the notes Yarrell gave his checks to the bank for the amounts then owing on the account and secured, respectively, by the two notes and trust deeds. The notes were not indorsed, but were placed in the separate file of Yarrell in the bank. At various times after closing the account and up to 1925, the bank sent statements to Russell, showing the balance due on the account and demanding its payment. Prior to filing the suits no credits were entered on the notes so as to conform the amounts owing thereon to the amount of the cotton account balances. There was no formal assignment of the cotton account to Yarrell.

The case was tried to a jury, and judgment upon a directed verdict was rendered in favor of Yarrell upon each note for the amount still due on the cotton account which the note was given to secure, and foreclosing the trust deeds. Russell has appealed.

Appellant's brief contains eight assignments of error followed by thirteen propositions. The latter, however, may be reduced to the following three contentions:

(1) Yarrell's right to recover upon the $12,500 and trust deed securing it was barred by limitation because his intervention was filed more than four years after the due date of the note.

(2) Yarrell never became the owner of either note and judgment could not be rendered thereon in his favor because the notes were merely collateral security for the cotton account which was not assigned to Yarrell.

(3) Being merely personal obligations of the main debtor, the collateral notes could not be sued upon as independent obligations, and therefore, the account being barred when the suit was filed, the notes and trust deeds securing them were likewise barred.

We hold the first contention unsound for two reasons.

[1] In the first place, where suit is brought upon a negotiable instrument in the name of the payee or indorsee thereof, the statute is tolled in favor of the true owner although the latter does not intervene or become a party to the record until after the bar would, but for the filing of the suit, have attached. The holding is that the intervention does not constitute a new cause of action. Field v. Gantier, 8 Tex. 74; Foote v. O'Roork, 59 Tex. 215; Hanna v. Drennan, 2 Posey, Unrep. Cas. 536; Triplett v. Morris, 18 Tex. Civ. App. 50, 44 S. W. 684; Howard v. Stahl (Tex. Civ. App.) 211 S. W. 826. See, also, 37 C. J. pp. 1064, 1065, and note 64.

[2] In the second place, one holding the legal title to a negotiable note either as payee or indorsee may maintain an action thereon in his own name though the equitable or beneficial ownership thereof be in another. There is an unbroken line of decisions in this state to this effect, only three of which we cite. Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95; Allison v. Phoenix Ins. Co., 87 Tex. 593, 30 S. W. 547; Nickels v. Gilmore (Tex. Civ. App.) 293 S. W. 884. We cite the Nickels Case because it appears to be the last published adjudication on the holding in this state.

In the Cartwright Case (opinion by Associate Justice Lipscomb) it was held that:

"The person who appears to be the legal holder of a promissory note may maintain an action upon it in his own name, although the actual ownership is in another."

In the Allison Case (Associate Justice Brown writing), a suit upon a fire insurance policy, the holding is thus expressed:

"It is a general rule, applicable to all written contracts, that he who has the legal title may maintain an action upon it, notwithstanding another may have the equitable right to the proceeds of it when collected. Thompson v. Cartwright, 1 Tex. 87 [46 Am. Dec. 95]; McMillan v. Croft, 2 Tex. 397; Knight v. Holloman, 6 Tex. 153; Wimbish v. Holt, 26 Tex. 674; Collins v. Panhandle Nat. Bank, 75 Tex. 254, 11 S. W. 1053."

[3, 4] Upon the second contention it is immaterial whether Yarrell ever acquired any title or interest in the notes. If he did not, the ownership remained in the bank. The latter's concession of ownership in Yarrell and request that judgment be rendered in his favor was in effect a declaration of trust and

assignment of its interest to Yarrell and authorized recovery in his name. The only interest Russell could have in the question of ownership as between Yarrell and the bank was the right to assert against Yarrell any defenses he might have against the bank. This he did, and the recovery was limited to the amount he actually owed on the cotton account. Both Yarrell and the bank being parties to the suit, and the latter conceding the right of recovery in the former, there was manifestly no injury to Russell's interests by rendering judgment in the name of Yarrell for what the bank, if in fact the true owner of the notes, was entitled to recover. With both Yarrell and the bank before the court, Russell could not defeat recovery by Yarrell merely by showing a right of recovery in the bank. Ownership of the notes and consequent right of recovery thereon was a question in which Yarrell and the bank alone were interested; and it was determined by the judgment in a manner entirely satisfactory to each.

[5] Upon the third contention it is conceded that, as applied to collateral security generally, suit may be maintained thereon even though the main debt is barred, provided of course the collateral security is not barred. This is the only proposition upon which we have been furnished with any authorities by either party.

[6, 7] The contention is made, however, that a note of an obligor given to the obligee as additional security for the obligation is not in any proper sense collateral security and does not fall within the above rule. We find two lines of authority holding that an unsecured note of the obligor does not fall within the general definition of collateral security. One line of authority has relation to statutes which provide that "no person is entitled to a mechanic's lien who takes collateral security on the same contract." The holding is that the taking of a note and mortgage on the same property does not in effect amount to additional security, and therefore, where there is no waiver of the mechanic's lien, it will not be affected by the execution of the note and mortgage. Gilcrest v. Gottschalk, 39 Iowa, 311; Allis Co. v. Madison Electric, etc., Co., 9 S. D. 459, 70 N. W. 650; Hale v. Burlington, C. R. & N. R. Co. (C. C.) 13 F. 203. In the other line of decisions the holding is: "Collateral security in bank phraseology means some security additional to the personal obligation of the borrower." American Loan & Trust Co. v. Union Cattle Co., 3 Wyo. 803, 31 P. 408, 19 L. R. A. 640; Third Nat. Bank v. Eastern R. Co., 122 Mass. 240; In re Litchfield Bank, 28 Conn. 575; In re Waddell, 67 Conn. 324, 35 A. 257. In these cases the question arose as to the right of a creditor to prove up against the estate of an insolvent debtor two or more obligations given for the same debt, as, for example, where a corporation has executed its promissory note and as collateral security given its negotiable bonds not secured by mortgage or other lien upon its property. In these cases it is held that only the main debt can be proved up and dividend declared thereon, as otherwise double payment of dividends upon the same claim would be allowed.

These holdings are manifestly sound. They do not, however, reach the question at bar. There was no attempt here to obtain a double recovery; and none was had. Nor does the case fall within the reasoning of the mechanic's lien decisions above. The notes here involved were secured by trust deed liens, and were given, as appellant concedes, as collateral security for an otherwise unsecured account. They would have been classified as collateral security under either line of decisions. The bank had the same right to maintain an action upon them as it would have had upon any other collateral, with this exception only: If the notes had been those of a third party it would have been entitled to recover the full amount regardless of the amount of the debt for which they were pledged; the surplus over such debt being recoverable for the use of the pledgor; and therefore to the extent of such surplus the maker of the notes would be entitled to assert against them any defense he might have against the pledgor which he did not have against the pledgee; whereas in the case at bar the bank or Yarrell could only recover upon the notes to the extent of the obligation for which they were put up as collateral security. So long as the notes were not barred, recovery could be had even though the right of action upon the open account which they secured was barred.

The trial court's judgment is affirmed.