BALBOA INSURANCE COMPANY

v.

SNYDER CONSOLIDATED INDEPEN-
DENT SCHOOL DISTRICT et al.

No. 5182.

Court of Civil Appeals of Texas,
Eastland.

Dec. 7, 1978.

J. Robert Fisher, Winstead, McGuire, Se-
chrest & Trimble, Dallas, for appellant.

Max Addison, Crenshaw, Dupree & Mi-
lam, Lubbock, George R. Killiam, Jr., Sny-
der, for appellees.

RALEIGH BROWN, Justice.

Snyder Consolidated Independent School
District and Scurry County sued Jerry Don
Stephens d/b/a Bost Construction and
Demolition Company and its surety, Balboa
Insurance Company, on its performance and
payment bond for damages for Stephens'
failure to complete a demolition contract
with Snyder School District. Trial to the
court resulted in a judgment for plaintiffs
against Stephens for $81,600 and against
Balboa for $30,000, of that sum, being the
penal sum of the bond. Only Balboa Insur-
ance Company appeals. We affirm.

On or about October 14, 1975, Stephens
d/b/a Bost Construction and Demolition
Company entered into a contract with Sny-
der School District for the demolition of a
building known as the Travis Junior High
School. The contract required a payment
and performance bond in the penal amount
of Thirty Thousand Dollars ($30,000) which
Stephens posted with Balboa acting as sure-
ty.

Previously, Scurry County had offered to
purchase the Travis School property and on
September 9, 1975, Snyder School, at its
regular meeting, voted to accept Scurry
County's offer. Balboa argues that there is
no mention made in the minutes of that
meeting of demolition of a building.

Bill Hood, Superintendent of the Snyder
Schools, testified that Scurry County and
Snyder Schools had been negotiating for
the use by Scurry County of the Travis
School property for some months prior to
the demolition contract. He further testi-
fied that when Snyder Schools agreed to

sell, Scurry County asked the Snyder Schools to be publicly responsible for the demolition of the building at the expense of the County.

The demolition of the building was publicly advertised for bids without mention of Scurry County. The bids were opened by an architect acting both on behalf of Snyder Schools and of Scurry County. Hood testified that the county commissioners of Scurry County instructed the school board as to which bid to accept. The minutes of the Commissioners Court dated prior to the date of the demolition contract confirmed Hood's testimony.

On October 30, 1975, the day following that on which the performance bond was written, Snyder Schools executed a warranty deed to Scurry County conveying the Travis School property. On November 3, 1975, Stephens was given notice to proceed under the October 14, 1975, contract which required demolition of the building within a 125 day period.

After beginning the demolition, Bost Construction encountered various difficulties. Snyder Schools became concerned with the lack of progress on the work and in an effort to facilitate the matter made a $2,000 payment to Stephens. Finally on July 27, 1976, Bost Construction was notified to complete the demolition no later than August 6, 1976. The company abandoned the project. On September 17, 1976, Snyder Schools made demand on Balboa to complete the task because of Bost Construction's failure to perform. Balboa denied the demand. This suit resulted.

There are no findings of fact nor conclusions of law. In such event, the court in *Seaman v. Seaman*, 425 S.W.2d 339 (Tex. 1968) said:

> When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962).

Balboa argues the trial court erred in granting Scurry County a judgment against it because the county's alleged cause of action was based solely upon a contract of suretyship to which the county was not a party. We disagree.

It is undisputed that Balboa is a defendant in this cause because of the surety bond it provided. The bond provided:

> That we, Jerry Don Stephens, as Principal, and the BALBOA INSURANCE COMPANY, a California Corporation duly licensed to do surety bond business in the State of Texas, are held and firmly bound unto Snyder Consolidated Independent School District, Snyder, Texas in the penal sum of Thirty thousand and no/100 Dollars ($30,000.00), lawful money of the United States, the payment of which, well and truly, to be made, we do bind ourselves, our heirs, and our legal representatives, both jointly and severally by these presents.

> THE CONDITIONS OF THIS OBLIGATION ARE SUCH, That the above bounden Principal has entered into a contract with Snyder Consolidated Independent School District, Snyder, Texas, dated October 14, 1975, to demolish Travis Junior High School (Main Building), Snyder, Texas.

> NOW, THEREFORE, If the above named Principal shall faithfully comply with all conditions of the above described contract, and pay for all labor and materials used therein, then this obligation shall be null and void, otherwise to remain in full force and effect.

The contract referred to in the bond makes no specific reference to any interest of Scurry County. However, the contract provides:

> The Owner and the Contractor each binds himself, his partners, successors, assigns and legal representatives to the other party hereto and to the partners, successors, assigns and legal representatives of such other party in respect to all covenants, agreements and obligations contained in the Contract Documents. . .

The rule is stated in 11 C.J.S. Bonds § 43 (1938) that:

It may be stated generally that, where a bond and another contract or instrument relate to and form one and the same transaction, or the bond refers to such other instrument or is conditioned for the performance of specific agreements set forth therein, such instrument with all its stipulations, limitations, or restrictions becomes a part of the bond, and the two should be read together and construed as a whole, although if only specific parts of another instrument are referred to, only so much of such instrument is incorporated in the bond as it is evident the parties intended to embody or to rely on. . . .

Texas follows this rule. *Lindsey v. Williams*, 228 S.W.2d 243 (Tex.Civ.App.–Texarkana 1950, no writ); *Sullivan v. City of Galveston*, 17 S.W.2d 478 (Tex.Civ.App.–Galveston 1928, writ ref'd n.r.e.); *Trinity Portland Cement Co. v. Lion Bonding & Surety Co.*, 229 S.W. 483 (Tex.Comm.App. 1921); 9 Tex.Jur.2d, Bonds § 26.

In the instant case, the bond expressly refers to the contract between the school and Bost Construction and Demolition Company. The bond provided that the principal will faithfully comply with all of the conditions of the "above described contract." The contract bound Stephens d/b/a Bost Construction and Demolition Company not only to the Snyder Schools, but also to its "successors." The bond has no prohibition as to a transfer of title.

The court in *Crane County v. Bates*, 126 Tex. 470, 90 S.W.2d 243 (Tex.Comm.App. 1936) said:

Tha[n] an obligee in a written obligation may sue and recover thereon, although the beneficial interest therein is owned by another, is settled in this state. *Allison v. Phoenix Ins. Co.*, 87 Tex. 593, 30 S.W. 547; *Ferguson v. Mansfield* (Tex. Com.App.), 235 S.W. 524. Bonds are to be construed as other written instruments and the same rules apply to the one as to the other.

In *Phoenix Assur. Co. v. Allison*, 87 Tex. 593, 30 S.W. 547 (1895), the court held:

It is a general rule, applicable to all written contracts, that he who has the legal title may maintain an action upon it notwithstanding another may have the equitable right to the proceeds of it when collected. *Thompson v. Cartwright*, 1 Tex. 87; *McMillan v. Croft*, 2 Tex. 397; *Knight v. Holloman*, 6 Tex. 153; *Wimbish v. Holt*, 26 Tex. 674; *Collins v. Bank*, 75 Tex. 254, 11 S.W. 1053. . . .

See also *Texas Fidelity & Bonding Co. v. Elliott*, 195 S.W. 301 (Tex.Civ.App.–San Antonio 1917, writ ref'd).

The trial court correctly entered judgment for Scurry County against Balboa.

■ In five points of error, Balboa challenges the damage award. The company urges there is no evidence and, alternatively, the evidence is so against the great weight and preponderance of the evidence that no finding of damages for the amount of the bond should be made.

Balboa bound itself to pay the sum of $30,000 on the failure of Stephens to comply with all the conditions of a contract to "demolish Travis Junior High School (Main Building), Snyder, Texas." Stephens defaulted on that contract.

Architect Hinton, who had twenty-five years experience as a certified architect and qualified as an expert witness, gave testimony to the effect that damages flowing from the default by Stephens exceeded the $30,000 provided for by the bond. This is some evidence of probative force to support the $30,000 award against Balboa, *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974), and, alternatively, same is not factually insufficient. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We overrule Balboa's challenge to the damage award.

We have considered and overrule all points of error. The judgment is affirmed.