**COOK v. SERVICE FINANCE CORPORATION.**

No. 11397.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1944.

Rehearing Denied April 26, 1944.

Russell A. Bonham and Mary Nan Bonham, both of Houston, and Guy E. Bonham, of San Antonio, for appellant.

Harry J. Polk, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Service Finance Corporation against M. J. Cook seeking to recover the balance alleged to be due upon a certain promissory negotiable note in the principal sum of $1,300 and for foreclosure of a chattel mortgage lien upon certain phonographs, cigarette vending machines and other equipment. The cause was tried before the court without the intervention of a jury and resulted in judgment in favor of plaintiff against defendant in the sum of $1,374.45, together with a foreclosure of the chattel mortgage lien.

From this judgment M. J. Cook has prosecuted this appeal.

The note sued upon provided for payment of monthly installments. It was alleged that three such installments were past due and unpaid and that appellee had elected to accelerate the date of payment of the entire note, under the provisions of such note for such acceleration. The record shows that before suit was filed one J. W. Day had paid these delinquent installments to the Service Finance Corporation and that they had been accepted by it.

Appellant contends that therefore the note was not due at the time suit was filed and that appellee had no right to accelerate the maturity date thereof. We overrule this contention. It appears from the evidence that Day was responsible for the payment of this note as an endorser. The payment by Day of the delinquent installments did not have the effect of extinguishing such indebtedness. It is provided by Sec. 121, Art. 5939, Vernon's Ann.Civ. Stats.: "Where the instrument is paid by a party secondarily liable thereon, it is not discharged; * * *." See also Fox v. Kroeger, 119 Tex. 511, 35 S.W.2d 679, 77 A.L.R. 663. The effect of the payment by Day was to make him the beneficial holder of these delinquent installments paid by him, but, inasmuch as they were not transferred to him, appellee remained the legal holder of the same.

As legal holder of the entire note, appellee had the right to accelerate the maturity date and to maintain this suit. Sec. 51, Art. 5935, Vernon's Ann.Civ. Stats.; Neyland v. Lanier, Tex.Civ.App., 273 S. W. 1022; Funkhauser v. Chemical Bank & Trust Co., Tex.Civ.App., 53 S.W.2d 146.

Appellant contends further that he had a good defense (failure of consideration) as to the beneficial holder, Day, and that he was prevented from making this defense by reason of the fact that the suit was brought in the name of the legal holder. Appellant should have made Day a party to the suit or filed a plea in abatement before announcing ready for trial. Appellant attempts to excuse his failure to file a plea in abatement or to make a party to the suit by the fact that he did not know that Day had made such payments until after he had announced ready for trial. Under such circumstances he should have asked leave of the court to withdraw his announcement of ready so that he might file a plea in abatement, and having failed to do so he is in no position to here complain that Day was not a party to the suit.

Accordingly the judgment will be affirmed.